J. H. Sutton *v.* The American Fire Insurance Company, Philadelphia, Appellant.

*Insurance—Fire insurance—Proofs of loss—Specific objections—Delay in making objections—Waiver.*

Where the assured under a policy of fire insurance makes an apparently honest effort to specify with particularity his loss, as required by the policy, it is the duty of the insurance company, with reasonable promptness, to particularize wherein the assured fails to meet the condition.

Where preliminary proofs of loss have been transmitted to an insurance company and received by it the next day, and no reply thereto is made, or any special defects therein pointed out, until fifty days thereafter, the delay is equivalent to a waiver of all objections to the form of the proof for defects therein.

*Fire insurance—Proofs of loss—Evidence—Objections to evidence.*

In an action upon a policy of fire insurance where the court has passed upon the proofs of loss as sufficient, and subsequently the plaintiff offers them as evidence of the amount of the loss, the defendant company in order to effect their exclusion must object, not to the form of proof of loss, but to their competency as evidence of the amount of the loss. If it fails to do so, and makes no request to the court for an instruction that the jury shall not consider them, a verdict and judgment in favor of the assured will not be reversed by the Supreme Court.

Argued Oct. 24, 1898. Appeal, No. 99, Oct. T., 1898, by defendant, from judgment of C. P. Venango Co., Aug. T., 1897, No. 44, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before CRISWELL, P. J.

The facts appear by the opinion of the Supreme Court.

The proofs of loss were offered in evidence by the plaintiff.

They were objected to by counsel for the defendant on the ground that they were not in compliance with the requirements of the policy in several respects, and particularly in that they did not contain a statement of the original cost of the personal property alleged to have been lost and the present value thereof.

The plaintiff offered to prove that the next day after the fire the agent of the defendant company, Mr. C. S. Marks, came to the place of the fire and made an examination of the loss; that within a few days after, the adjuster, Mr. Allewalt, came there

in company with Mr. Marks, interviewed Mr. and Mrs. Sutton, secured all the information he desired, and in going away made the remark to them that that was all that was necessary for them to do; this to be followed by evidence that Mr. Sutton did everything that was required of him by the terms and conditions of the policy.

To which offer the defendant objected on the ground that it was an attempt to dispense with the proofs of loss under the policy and to substitute oral testimony therefor in violation of the express conditions of the policy.

The Court: It appearing that the paper purporting to be a proof of loss made by the plaintiff under this policy and the letter offered in connection with that were, on or about the date of the letter, received by the defendant company and now produced by the company, upon request, at the trial, the same are received in evidence and the objection thereto overruled.

To which ruling counsel for the defendant did then and there except, and at their request a bill of exceptions was sealed. [1]

Defendant asked for instructions that, the plans and specifications not having been furnished by the plaintiff to defendant company until June 7 or 8, 1897, the action is prematurely brought, and the plaintiff is not entitled to recover in this action.

The court charged as follows:

[Under the evidence in this case we think we will answer the defendant's point in the negative and instruct you to find a verdict for the plaintiff. The plaintiff is entitled to recover the amount claimed here as shown by the proofs, with interest from and after sixty days after the delivery of the proofs of loss. The amount claimed, with interest, at this date, amounts to $3,253.95.] [4]

Verdict and judgment for plaintiff for $3,253.95. Defendant appealed.

*Errors assigned* among others were (1) ruling on evidence, quoting the bill of exceptions; (4) above instruction, quoting it.

*J. H. Osmer*, with him *A. R. Osmer* and *N. F. Osmer*, for appellant.—Waiver is essentially a matter of intention, and to

establish it there must be some declaration or act from which the insured may reasonably infer that the insurer does not mean to insist upon a right which, because of a change of position induced thereby, would be inequitable to enforce: Freedman v. Providence Washington Ins. Co., 175 Pa. 350; National Ins. Co. v. Brown, 128 Pa. 386; Beatty v. Lycoming Co. Mut. Ins. Co., 66 Pa. 9; Carpenter v. Allemannia F. Ins. Co., 156 Pa. 37; Diehl v. Adams Co. Mut. Ins. Co., 58 Pa. 443.

A statement of loss may be waived by the company, and if there be evidence from which a waiver may be inferred it is for the jury: Farmers' Mut. Ins. Co. v. Taylor, 73 Pa. 342; Welsh v. London Assurance Corp., 151 Pa. 607.

*William H. Forbes*, with him *Edward E. Hughes*, for appellee. —If the proofs were deemed insufficient it was the plain duty of the company to give immediate notice of its objections, pointing out the supposed defects, etc.: Gould v. Ins. Co., 134 Pa. 586; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73; Whitmore v. Ins. Co., 148 Pa. 405.

In case of a total loss of the building insured where the insurance company has been notified immediately, no further notice or technical proof of loss is necessary: Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Ins. Co., 149 Pa. 94.

OPINION BY MR. JUSTICE DEAN, November 7, 1898:

The defendant company on June 11, 1894, issued to plaintiff a policy of insurance against loss by fire in the sum of $3,400 on his farm buildings, dwelling house, barn, household and kitchen furniture, produce in barn, horses and mules; the term of the policy was three years. On February 7, 1897, the buildings and part of the property contained therein were destroyed by fire; the plaintiff claimed his loss was $3,099. He gave immediate notice of the fire to the company; as the policy required that within sixty days thereafter he should under oath furnish the company with a full and detailed schedule of the property destroyed, he, on March 25, following, transmitted to the company such statement or schedule as was deemed by him a compliance with this requirement; from communications of defendant's adjuster to plaintiff's attorney it appeared that these proofs were not satisfactory, so on June 7 following, he sent to

the company verified plans of the buildings and other particulars; these were acknowledged by the president the next day, in a letter stating they had been referred to Mr. Allewalt, their adjuster; he, by letter of June 21, to plaintiff's attorneys, objected to the specifications as defective. · Before this letter was received the plaintiff had brought suit. At the trial the defendant alleged that plaintiff had not complied with the requirement of the policy in furnishing a full and complete statement of the loss within sixty days. The court held, that the preliminary proofs having been transmitted to the company on March 29, and received by it the next day, and no reply thereto having been made, or any special defects therein pointed out until May 18, fifty days thereafter, this delay was equivalent to a waiver of any objections to the form of the proofs or defects therein. We concur with the court below in this opinion. There was no specification of any defects in the proofs which would have enabled plaintiff to cure them; that Allewalt, the adjuster, said to plaintiff's attorneys either verbally or in writing, that they were defective was not the information plaintiff had a right to demand; he and his counsel had made an apparently honest effort to specify with particularity the loss, as required by the policy; it was the duty of defendant to particularize wherein they had failed to meet the condition, and to do this with reasonable promptness: Gould v. Ins. Co., 134 Pa. 586; Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73; Whitmore v. Ins. Co., 148 Pa. 405.

The trial, therefore, after the ruling of the court, proceeded and plaintiff offered in evidence to the jury, the proofs of loss furnished to the company, March 25, 1897. No purpose in this offer was disclosed; none requested by either defendant's counsel or the court; as the sole burden on plaintiff, at that juncture, was, to establish the extent of his loss to the jury, the offer of the preliminary proof could have been for no other purpose. Clearly they were neither competent nor relevant to such purpose; when they had been transmitted to and received by the company they had performed their office; that is, fulfilled a condition precedent to the right to sue; and if they had been objected to for that reason by defendant's counsel the court would have been bound to exclude them. The objection, however, was not to their relevancy or competency, but because

"they are not in compliance with the requirements of the policy in respect to proofs of loss in several respects, and particularly in that they do not contain a statement of the original cost of the personal property alleged to have been lost, and the present value thereof." This question had been settled by the court's decision; that these defects had been waived, and the plaintiff was not barred from the jury by a noncompliance with a condition precedent; and while this did not render the preliminary proofs of loss competent to establish plaintiff's claim before the jury, still, they could only be excluded by a well-founded objection, and not by one ill-founded, and which by implication admitted their competency. The defendant might still have saved his case by a request for instruction to disregard the incompetent evidence, but having neglected to do this he must submit to a verdict founded on evidence which at the trial he impliedly admitted was proper evidence.

The remaining assignments of error are without merit.

The judgment is affirmed.