# S. W. Cummins v. German American Insurance Company, Appellant.

*Insurance—Fire insurance—Value of property.*

Where by the terms of a policy of fire insurance on a barn, the insurers are only liable for the "actual cash value of the property" at the date of the fire, evidence of the price of lumber and shingles at the date of the fire, while by no means conclusive as to the cash value of the barn, is evidence bearing on the question. In such a case a witness who is not a carpenter may be asked what it would cost to rebuild the barn in the same condition in which it was at the date of the fire. The witness's qualifications could be ascertained upon cross-examination, and if there was any material change in the cost between the fire and date of trial, this could also be ascertained upon cross-examination.

On a policy of fire insurance a letter from the insurance company to the insured demanding a more specific statement of the value and kind of lumber in the building destroyed, and for verified plans of the building, is admissible in evidence for the purpose of showing that the company had called the insured's attention specifically to his duty under the policy, which it alleged he had not performed, as a condition precedent to a recovery.

Where the property insured was an old barn, and the policy provides that the company shall only be liable for "actual cash value of the property" at the date of the fire, evidence offered by the company bearing on the cash value of the property at the date of the fire is admissible.

Where a policy of fire insurance provides that the detailed statement of loss must be furnished within sixty days from the date of the fire, and it appears that immediate notice of the fire was given; that the company attempted to settle the loss, and then demanded a detailed statement of the loss, which was furnished within thirty days, and then demanded a fuller one, which was furnished one day after the expiration of sixty days, the insured's right to recovery is not defeated by the fact that the final statement was not furnished within sixty days.

*Insurance—Fire insurance—Proofs of loss—Evidence.*

Proofs of loss made out by the insured cannot be received in evidence for the jury, nor be read to them. They are only evidence for the court, that it may determine whether a condition precedent to recovery has been sufficiently complied with to warrant the institution of suit.

Argued April 17, 1899. Appeal, No. 211, Jan. T., 1898, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1898, No. 18, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before BAILEY, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,431.27. Defendant appealed.

*Errors assigned* were (1–11) various rulings on evidence, referred to in the opinion of the Supreme Court; (12–21) various instructions referred to in the opinion of the Supreme Court.

*W. H. Woods*, for appellant.—Any concealment or misrepresentation of fact relating to the insurer makes the policy void: Claflin v. Ins. Co., 110 U. S. 81; Ellis v. Ins. Co., 7 Pa. Superior Ct. 264; Dolloff v. Ins. Co., 19 Atl. Rep. 396; Ostrander on Insurance, secs. 176, 179; Mullin v. Ins. Co., 15 Ins. L. J. 561; Ott v. Lyons, 2 Wharton, 441; Schilling v. Durst, 42 Pa. 126; German American Ins. Co. v. Hocking, 115 Pa. 398; Thomas v. Ins. Co., 5 Pa. Superior Ct. 383; Quigley v. De Haas, 82 Pa. 267; Hartman v. Meighan, 171 Pa. 46; Com. Ins. Co. v. Sennett, 41 Pa. 161; Kittanning Ins. Co. v. O'Neill, 110 Pa. 548.

An insurance agent has no power to vary the written contract made by the company under the corporate seal: Lycoming Fire Ins. Co. v. Lauffer, 4 Leg. Gaz. 153; Green v. Lycoming Fire Ins. Co., 91 Pa. 387.

*A. O. Furst*, with him *J. D. Dorris*, for appellee.

OPINION BY MR. JUSTICE DEAN, July 19, 1899:

On January 6, 1896, defendant issued to plaintiff a policy of insurance against fire, covering his house and barn buildings on his farm in Jackson township, Huntingdon county. Six hundred dollars was placed on the house and $1,400 on the barn. The term of insurance was three years. On September 16, 1897, the barn was destroyed by fire. Notice of the loss was immediately given the company; an adjuster visited the property soon after, but as the assured was absent, nothing was done. A special agent of the company then met Cummins, the latter demanded the face of his policy, $1,400, as his loss, to which the agent would not agree. The company then demanded, under a stipulation of the policy, a detailed statement of the

property destroyed, and its value. The assured furnished what purported to be such statement about October 16, 1897, some thirty days after the fire; this statement was very meager in details; the company was not satisfied with it, and demanded in writing a fuller one, giving the quantity, sizes and value of the material with verified plans; in response, the assured furnished another statement in which he undertook, as nearly as he could, to comply with the demand. The company denied that this was a compliance with the terms of the policy, and refused payment; thereupon Cummins brought suit.

On the trial in the court below, there was dispute as to the value of the barn at the date of the fire; also whether a sheep pen and hog pen were part of the buildings insured or were separate structures; also whether the detailed proof of loss furnished by the assured was, under the circumstances, a substantial compliance with the conditions of the policy. The evidence bearing on these questions was submitted to the jury, who found for plaintiff the face of the policy with interest. We now have this appeal by defendant, who prefers twenty-one assignments of error. The third to sixth inclusive relate to rulings upon offers of evidence. The plaintiff undertook to prove the value at the time of the fire of different kinds of lumber similar to those which formed part of the structure destroyed, and also what it would cost to rebuild such a barn. To this defendant objected on the grounds, that under the express terms of the policy it was only answerable for the cash value of the barn as it stood at the fire, and for the further reason that the cost of new lumber was no evidence of the value of the old material in the barn. The court overruled the objection, and defendant excepted.

Under the express terms of the contract, the insurers were only liable for the " actual cash value of the property " at the date of the fire. What was the cash value must be ascertained from the evidence; the price of oak and pine lumber and shingles at the date of the fire was by no means conclusive as to the cash value of the barn, but it was evidence bearing on the question; what weight it was entitled to would depend on the dimensions, quality and kind of timber in the barn as compared with the price of such timber at the time of its destruction. The weight of such testimony could only be properly

determined after it was sifted by cross-examination. Neverthe-
less, it was evidence, whether of great or little weight, for the
consideration of the jury, and the court committed no error in
admitting it.

The seventh assignment also relates to a ruling upon an offer
of evidence; the plaintiff proposed to ask a witness to state
about what it would cost to rebuild the barn in the same con-
dition in which it was at the date of the fire, to which defend-
ant objected, because the witness was not a carpenter, and what
it would cost to rebuild at date of trial was no evidence as to
the cost at date of fire. It was not necessary to an estimate of
this character that witness should have been a carpenter; the
value of his testimony would depend on his knowledge of the
subject, and that could be developed by cross-examination; fur-
ther, if there was any material change in the cost between the
fire and date of trial, a period of less than two years, a question
on cross-examination would have elicited that fact. This as-
signment is overruled.

The eighth assignment of error is to a ruling upon an offer
of evidence by defendant. The defendant, on November 1,
1897, had written to the assured, making a formal demand for
a more specific statement of the value and kind of lumber in
the barn, and for verified plans of the building. This letter, it
is admitted, was received by the assured, and he alleged he had
responded to the demand as nearly as it was possible for him to
do. This was for the purpose of showing that the company had
called his attention specifically to the contract and his duty
thereunder, which it alleged he had not performed as a condi-
tion precedent to a recovery. The court overruled the offer.
We think this was error. One of the very questions raised on
the evidence for the court was, whether the assured had sub-
stantially complied with the condition precedent, and the letter
bore directly on it. The letter should have been admitted and
considered by the court. This assignment is sustained.

The ninth, tenth and eleventh assignments complain of the
rejection of evidence bearing on the cash value of the property
at the date of the fire. Whatever weight the jury might give
to the facts proposed to be proved in these offers, that is, the
depreciation in value during its existence, of a building as old
as this, the evidence was not wholly irrelevant; it might have

shed some light on the cash value at the time of its destruction, and was therefore admissible. These assignments are sustained.

The twelfth and thirteenth assignments are not sustained. The defendant asked the court to instruct the jury as follows, in its fourth point:

". . . . A clause in a policy of insurance providing that the assured shall, if required, furnish verified plans and specifications of any building destroyed is reasonable, and it is the duty of the assured to comply, and the burden of proof is on him to show that he is unable to furnish the same, and that he made a reasonable effort to do so and was unsuccessful; and if his own evidence shows that he made no effort to comply with the demand of the company, or that he could have obtained with reasonable diligence the information required, he cannot recover on this policy."

The defendant's fifth point, in substance, asked the same instructions. The court negatived both, and this ruling is the foundation of these two assignments of error. Practically, in the general charge, the court did affirm both points; formally negativing them at the close of it was at least verbal inconsistency well calculated to mislead the jury, and the defendant would have the right to complain thereof if the question had been one for the jury; but as we shall show in considering the first, seventeenth, nineteenth and twenty-first assignments, the question raised by the points was one for the court.

The fourteenth, fifteenth and sixteenth assignments all complain of error on part of the court in not peremptorily instructing the jury to find for defendant, first, because the final detailed statement of loss was not delivered within sixty days from date of fire as required by the policy. This argument overlooks the fact, that immediate notice of the fire was given, then the adjuster came on, examined the ruins, then a special agent sought to settle the loss, then a detailed statement was furnished in thirty days, with which the company was not satisfied, and a fuller one demanded; this was then furnished, but not quite within the sixty days. The assured is not responsible for the delay; he furnished the first detailed statement of loss within the sixty days as nearly as it could then be made out; the company demanded more by the letter of November 1; he set about complying with the demand, and there is no evidence that he

did not furnish the statement within a reasonable time after the demand. It was delivered to the company on November 16; at most, one day after the expiration of sixty days. The defendant was not entitled to a peremptory instruction in its favor, either on these two assignments or on the sixteenth, which complains of a refusal to give a peremptory instruction on all the evidence.

The court left it to the jury to determine whether the sheep and hog pens were part of the barn building. This forms the subject of appellant's eighteenth assignment of error. A careful examination of the evidence convinces us this was a question of fact for the jury, and the court could not have properly done other than submit it to them.

The first, seventeenth, nineteenth and twenty-first assignments are to the admission of the proofs of loss as evidence for the consideration of the jury, and the instruction of the court with regard to them. We held in Kittanning Insurance Co. v. O'Neill, 110 Pa. 548, that proofs of loss made out by the assured cannot be received in evidence for the jury, nor be read to them; that they are only evidence for the court, that it may determine whether a condition precedent to recovery has been sufficiently complied with to warrant the institution of suit. Being nothing but ex parte statements of the assured, they are not for the jury. We repeated this ruling in Cole Bros. v. Assurance Co., 188 Pa. 345, and Sutton v. Insurance Co., 188 Pa. 380, emphatically. The stipulation in the policy requiring them is in writing; the proofs are in writing, and taken together the interpretation of the contract and the alleged writing claiming to be a compliance with it are for the court. Yet the court below not only admitted generally as evidence, these ex parte proofs, averring the cash value of the barn and pens, but cast them into the jury box, thus:

" The evidence, which is undisputed, shows that the plaintiff did furnish verified plans and specifications, and that they were received by the insurance company without objection as to their sufficiency until this trial. We submit to you, gentlemen, to determine from the evidence whether the plaintiff substantially complied with all the defendant in this regard had the right to demand of him. You will have plaintiff's answer to this demand, which are plaintiff's supplemental proofs of loss, out

with you, and you will determine whether they are a compliance as full as he could reasonably be expected to give under the circumstances, and whether he made a reasonable effort to comply with their demand as fully as he possibly could have done."

If the undisputed evidence showed, that the insured had furnished in writing, substantially, the proofs required by the written contract, as the court properly decided, that was the end of that matter. Whether he substantially complied was for the court, on an inspection of the writings. Questions of fact, as to whether the insurers had waived proofs in strict accord with the contract, or whether insured had been guilty of fraud or false swearing, and like questions, might arise, which would necessitate the submission of the proofs to the jury, but whether the assured had substantially done that in writing which his contract required, before he could bring suit at all, was for the court. If he had, then he could go to the jury with his evidence as to his loss, subject to the scrutiny of the defendant, with the right of cross-examination. In view of our decisions it was manifest error to submit these ex parte papers to the jury, and these assignments of error are sustained.

The twentieth assignment has no merit which requires notice.

But for the reasons given, the judgment is reversed, and a venire facias de novo is awarded.