# Rosenberg v. Firemans Fund Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss—Evidence.*

In an action upon a policy of fire insurance it is not error to refuse the request of the defendant company to send out the proofs of loss with the jury. Proofs of loss are for the court in order that it may determine as a preliminary matter whether there has been a sufficient compliance with a condition precedent to the institution of the action. It has been uniformly held that they are not evidence for the plaintiff, and cannot be read to the jury.

Where in an action upon a policy of fire insurance the defendant company claims that after the fire the plaintiffs failed to comply with the terms of the policy which required them to permit an examination of the property that remained, to produce their books and vouchers, and to submit to an examination under oath, and the evidence on the subject is conflicting, the case is for the jury.

Argued May 9, 1904. Appeal, No. 48, Jan. T., 1904, by defendant, from judgment of C. P. Northampton Co., June T., 1902, No. 14, on verdict for plaintiff in case of Max Rosenberg and Max Senderowitz, trading as Rosenberg & Senderowitz, v. Firemans Fund Insurance Company. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

The opinion of the Supreme Court states the case.

*Errors assigned* were (1–5) refusal of points; (6) refusal to permit proofs of loss to go out with the jury.

*Edward J. Fox* and *John D. Hoffman*, for appellant.

*Russell C. Stewart*, with him *Joseph H. Stofflett*, for appellee.

PER CURIAM, May 23, 1904:

This action was on a policy of fire insurance, and three grounds of defense were presented. The first was that the goods burned were not of the value claimed; the second, that the plaintiffs had feloniously caused the fire; and the third that after the fire the plaintiffs failed to comply with the terms

of the policy, which required them to permit an examination of the property that remained, to produce their books and vouchers, and to submit to an examination under oath. The first two grounds raised questions for the jury only, and under the conflicting testimony as to what occurred in relation to the third the whole issue became one of fact. The question whether the plaintiffs had in good faith offered to submit to an examination as to all matters relating to the fire was submitted by the learned judge with full, clear and accurate instructions, to which no exception could be taken.

It was not error to refuse the request of the defendant to send out the proofs of loss with the jury. Proofs of loss are for the court, in order that it may determine as a preliminary matter whether there has been a sufficient compliance with a condition precedent to the institution of the action. It has been uniformly held that they are not evidence for the plaintiff and cannot be read to the jury : Cole v. Manchester Fire Assurance Co., 188 Pa. 345 ; Cummins v. German American Insurance Co., 192 Pa. 359. They were offered by the plaintiff not generally nor as evidence of the amount of loss, but specially for the consideration of the court. If the defendant desired to use them as evidence of premeditation or design, the question of their admissibility for that purpose could be raised only by its offer of them.

The judgment is affirmed.