# Baldi *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Proofs of death as evidence.*

Where in an action on a policy of life insurance, the plaintiff offers the proofs of death for the sole purpose of showing that the condition precedent to the right to sue, namely, furnishing the company sufficient proof of death, had been performed, and the defendant offers no evidence, the latter cannot use the proofs of death as a basis for a motion for nonsuit, on the ground that the proofs of death contained unexplained and uncontradicted statements showing on the face of the papers a breach of the condition relating to the statements of the insured in his application.

Where proofs of death are offered and admitted specially, they are not in evidence for any and every conceivable purpose for which such documents may be introduced in an action on the policy.

It is within the power of the court to control the order of evidence by admitting the proofs of death for the single and exclusive purpose of determining whether they comply with the requirements of the policy, and postponing comparison of the statements contained in them with the statements contained in the application until they are offered for that purpose by the defendant.

Argued Oct. 17, 1905. Appeal, No. 117, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1897, No. 741, on verdict for plaintiff in case of Charles C. A. Baldi, Administrator of the Estate of Francis Rizzo, deceased,

214 BALDI *v.* METROPOLITAN LIFE INS. CO., Appellant.

v. Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before WILT-BANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,455. Defendant appealed. See 18 Pa. Superior Ct. 599 and 24 Pa. Superior Ct. 275.

*Error assigned* was in not giving binding instructions for defendant.

*Arthur G. Dickson,* with him *Dickson, McCouch & Glasgow,* for appellant.—When the proofs of death were offered by the plaintiff, even though by that offer it was intended only to prove a compliance with the terms of the policy, their contents, in the absence of explanation or contradiction, established that there had been a breach of a warranty material to the risk, rendering the policy void, so that the direction of a verdict for the defendant would have been proper : Connell v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct. 520 ; Shaller v. Brand, 6 Binney, 435 ; Benseman v. Ins. Co., 13 Pa. Superior Ct. 363 ; Ins. Co. v. Newton, 89 U. S. 32 ; Hassencamp v. Mutual Benefit Life Ins. Co., 120 Fed. Repr. 475 ; Goldschmidt v. Mutual Life Ins. Co., 33 Hun (N. Y.), 441 ; Cook v. Ins. Co., 84 Mich. 12 (47 N. W. Repr. 568) ; Fisher v. Life Assn., 188 Pa. 1 ; Ins. Co. v. Higginbotham, 95 U. S. 380 ; Ins. Co. v. Rodel, 95 U. S. 232; Siebelist v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 221 ; New York Central Ins. Co. v. Watson, 23 Mich. 486 ; Continental Ins. Co. v. Hulman, 92 Ill. 145 ; Bentz v. Northwestern Aid Assn., 40 Minn. 202 (41 N. W. Repr. 1037) ; Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526 (44 N. E. Repr. 1099) ; Supreme Lodge Knights of Pythias of the World v. Beck, 94 Fed. Repr. 751 ; Schmitt v. National Life Assn., 84 Hun, 128 (32 N. Y. Supp. 513) ; Ins. Co. v. Schwenk, 94 U. S. 593 ; Supreme Tent K. of M. v. Stensland, 68 N. E. Repr. 1098 ; N. A. Fire Ins. Co. v. Zaenger, 63 Ill. 464 ; Walther v. Mutual Life Insurance Co., 65 Cal. 417 (4 Pac. Repr. 413), is a persuasive authority in favor of our position.

*Frederick A. Sobernheimer*, for appellee.—The law of Pennsylvania from 1811 to the present time has settled that proofs of loss or death furnished in compliance with a condition in the policy are not evidence for the assured, and are only for the inspection of the court to decide whether there has been a sufficient compliance or not. They can only be made evidence by the insurer offering them, or by the insured offering them generally, no objection being made to such offer by the insurer: Thurston v. Murray, 3 Binney, 326; Klein v. Franklin Ins. Co., 13 Pa. 247; Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; Kittanning Ins. Co. v. O'Neill, 110 Pa. 548; Cole v. Fire Assurance Co., 188 Pa. 345; Sutton v. American Fire Ins. Co., 188 Pa. 380; Cummins v. Ins. Co., 192 Pa. 359; Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384; Rosenberg v. Ins. Co., 209 Pa. 336; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; Dougherty v. Life Ins. Co., 3 App. Div. 313 (38 N. Y. Supp. 258); Trudden v. Life Ins. Co., 50 App. Div. 473 (64 N. Y. Supp. 183).

The defendant must introduce the proofs of death itself, as furnished, if it desires to have the benefit of the admissions contained therein as against the plaintiff: John Hancock Mutual Life Insurance Co. v. Dick, 44 L. R. A. 846.

OPINION BY RICE, P. J., March 12, 1906:

The parts of the policy, application and proofs of death, material in the consideration of the questions involved in this appeal, are set forth in the opinion filed when the case was here before, and reported in 24 Pa. Superior Ct. 275. The matter assigned for error is the refusal to direct a verdict for the defendant, the reason assigned for the request for binding instructions being, that there was proof of a breach of warranty apparent on the face of the papers. The proof of breach of warranty is claimed to consist in this : that according to the statements of the plaintiff and the attending physician contained in the proofs of death the insured was treated, prior to his application, by Dr. Leone—we quote from the latter's statement—" for a mild attack of angina pectoris, which speedily yielded to treatment and was fully cured," whereas in his application, in answer to the question put by the company's medical examiner as to any illness he may have had since child-

hood, the insured mentioned only essential fever due to cold, for which he was treated by Dr. Deakyne, and to the question whether he had consulted any other physician, he answered, "No." By the express words of the policy all answers and statements contained in the application were made warranties and part of the contract. Upon the former trial, after the defendant had put the proofs of death in evidence generally, evidence was introduced in rebuttal explanatory of the claimant's statement, and to some extent contradictory of the attending physician's statement contained in the proofs of death, and this evidence was held by us to be sufficient to carry to the jury the question as to the existence of the facts, not disclosed in the application, of prior illness and medical attendance, upon which the claim of breach of warranty is founded. No such testimony was introduced on the last trial, and neither the proofs of death, nor any other evidence, were offered by the defendant. The proceedings at the trial were substantially as follows: First, the plaintiff offered the policy and his letters of administration. These were admitted without objection. Then the death of the insured on September 11, 1887, and the payment of premiums in due course up to the time of his death, were admitted by counsel, after which, the proofs of death, consisting of four papers, were produced by the defendant on the call of the plaintiff. After a preliminary motion, which was withdrawn and therefore need not be noticed, the plaintiff's counsel stated that they desired to use these documents in order to show that there had been a prima facie case of tender of proofs of death, and for this purpose only. Upon objection being made to such restricted offer, the court said: "I will take the papers produced by the defendant on the call of the plaintiff as proofs of death. The same are not to be regarded as in evidence. They are here merely to indicate that they were, in the character designated, tendered to the company defendant at the dates named. This is only in as indicative, prima facie, of submission to the company defendant of four certain documents which are arbitrarily called proofs of death, and as significant merely for the purpose of showing that qua proofs of death, papers passed from one party to the other." The defendant excepted to the ruling, the plaintiff rested and thereupon the defendant moved

for a nonsuit, which was refused, and then for binding instructions. It will be seen from the foregoing that at this stage of the case the record was not in satisfactory shape for the plaintiff, for it might be open to the construction that the proofs of death were not in evidence for any purpose. But upon motion of his counsel they were permitted " to reopen their case in order that they may offer the documents heretofore identified in four packages as proofs of death, as being furnished in compliance with the terms of the policy upon blanks of the company, and which were submitted merely as in compliance with the terms of that policy." This ruling was excepted to by the defendant's counsel. The proofs of death were then admitted, and the defendant's counsel renewed his motion for nonsuit and for binding instructions, both of which were overruled.

The foregoing recital of the proceedings leading up to the admission in evidence of the proofs of death would have been unnecessary, if the offer had been as explicit as in the Rondinella case, which was argued at the same time, and it is to be regretted that the determination of the really important question of practice and evidence discussed by counsel should be embarrassed by any doubt as to the meaning and scope of the offer under which they were admitted. Nevertheless, viewing the proceedings as a whole, we think it reasonably apparent, that the documents were not offered in evidence generally, as in Siebelist v. Metropolitan Life Insurance Company, 19 Pa. Superior Ct. 221, but, as in the Rondinella case, were offered and admitted specially to show that the condition precedent to the right to sue, namely furnishing the company sufficient proofs of death, had been performed.

It is contended by the defendant's counsel that, even though under the special offer the proofs of death were exclusively for the consideration of the court, yet, when the motions for nonsuit and binding instructions were made, the court could and ought to have compared them with the application, and determined from such comparison whether the unexplained and uncontradicted statements contained in the proofs showed a breach of the condition relating to the statements of the insured in his application which avoided the policy. The plaintiff's counsel contend that the burden of proving a breach of

that condition rested on the defendant, and that, as the proofs had been offered and admitted for the consideration of the court, and for the single purpose of enabling the court to determine whether the condition precedent to the right to sue had been fulfilled, the plaintiff was not bound to introduce evidence for the consideration of the jury upon the question of the falsity of the answers contained in the application, until the defendant had offered evidence tending to establish that fact.

The general rule is that a party offering a paper in evidence must offer the whole of it just as it is, and if it requires explanation the burden is upon him to explain : Cary v. Cary, 189 Pa. 65 ; Connell v. Metropolitan Life Insurance Co., 16 Pa. Superior Ct. 520. Hence if there was anything in these documents which, in the absence of explanation, would have rendered them ineffective as substantial compliance with the condition precedent, it would have been the duty of the court to take notice of it ; plaintiff could not have avoided this by offering only such parts of the proofs as were unexceptionable, and reserving the right to postpone explanation of the parts that tended to show noncompliance with the condition until after they had been offered by the defendant. So, also, if he had offered the proofs in evidence generally, and had closed his case without explanation, correction or contradiction of the statements therein that tended to show the falsity of the answers contained in the application, the defendant would have had a right to assume that they were in evidence for every legitimate purpose, and to insist that they be considered by the court in determining the question of breach of warranty, which was raised by the motion for nonsuit and the subsequent request for binding instructions, as well as the question whether the plaintiff had complied with the condition precedent as to furnishing proofs. Again, the plaintiff might have offered the proofs without defining the purpose, thus leaving their scope and effect as evidence to be determined by the court, and followed this offer by evidence in explanation and correction of the statements contained in them. The foregoing propositions, while supported by the cases cited in the comprehensive brief of appellant's counsel, do not directly meet and govern the question before us, and it will not be out of place to review

some of the Pennsylvania cases bearing more or less directly upon it.

Speaking of the function of proofs of loss in an action on a policy of fire insurance, READ, J., after reviewing the earlier cases, said : " They are conditions precedent and for the court, and being in writing the question of sufficiency is to be decided by them. If they are not sufficient the cause is at an end, unless they have been expressly or impliedly waived by the defendants : " Commonwealth Insurance Co. v. Sennett, 41 Pa. 161. In a case where, despite the defendant's objection, the court permitted the proofs of loss to be sent out with the jury, MERCUR, J., said : " It is true it has been ruled that in the sound discretion of the court many papers that have been given in evidence may be sent out with the jury. This paper, however, had not been given in evidence generally. It was admitted solely for the purpose of showing that proofs of loss had been furnished as required by the policy. It was, therefore, for the purpose of showing a condition precedent to a right of action. Being in writing the question of sufficiency for that purpose is to be decided by the court. . . . It would be error to permit the insured to give them in evidence to the jury on the trial, and the error was greater in permitting the jury to consider the several averments therein without their having been given in evidence : " Kittanning Insurance Co. v. O'Neill, 110 Pa. 548. " The preliminary proofs are conditions precedent; what constitutes them is determined by the contract, and, the proofs being in writing, that is a question for the court. Here, the court first held that the proofs made by the plaintiffs were a substantial compliance with the requirements and conditions of the policy. If it had been held that on the face of them they were not, that would have ended plaintiffs' case, unless plaintiffs offered to follow them with evidence that defendant had waived the service of such preliminary proofs by conduct which misled plaintiffs and estopped defendant from insisting on the condition as a prerequisite, but having been decided by the court to be a sufficient compliance with the requirements of the policy, as the trial then stood, the plaintiffs had the right to proceed to establish their claim to the satisfaction of the jury, not by exhibiting to them the proofs of loss, but by evidence independent of them : " Per

DEAN, J., in Cole v. Manchester Fire Assurance Co., 188 Pa. 345. Later in the opinion he showed that, while in the first instance proofs of loss are admissible for the purpose above stated, and are exclusively for the court, yet subsequent developments in the trial may entitle the defendant to offer them for consideration by the jury, for example, to contradict the testimony of the plaintiff or to show falsehood, fraud or false swearing. In Sutton v. American Fire Insurance Co., 188 Pa. 380, it was said that when proofs of loss have been transmitted to and received by the company they have performed their office, that is, fulfilled a condition precedent to the right to sue. In Cummins v. German-American Insurance Co., 192 Pa. 359, and in Ulysses Elgin Butter Co. v. Hartford Fire Insurance Co., 20 Pa. Superior Ct. 384, the doctrine was reiterated that proofs of loss made out by the insured are, in the first instance, only evidence for the court, that it may be determined whether a condition precedent to recovery has been sufficiently complied with to warrant the institution of suit. In all these cases, it is true, the plaintiff sought to use the proofs before the jury for other purposes, therefore they do not rule the precise question under consideration. They are pertinent, however, because they show the propriety of the plaintiff offering the proofs for the special purpose above stated, and while none of them decides that it is necessary for the insurer to offer them again when he desires to use the statements contained in them to establish, or to aid in establishing, other matters of defense, yet the propriety of so doing is distinctly recognized, especially in Cole v. Manchester Fire Insurance Company; and an examination of many cases bearing upon the subject warrants us in saying that, whether absolutely necessary or not, this is not unusual in practice. A case more directly in point than any of the foregoing is Rosenberg v. Fireman's Fund Insurance Co., 209 Pa. 336. In that case the plaintiff offered the proofs for the consideration of the court. One of the defenses set up was that the plaintiffs had feloniously caused the fire, and at the conclusion of the court's charge the defendant's counsel requested that the proofs be sent out with the jury. The refusal of this request was one of the matters assigned for error. We infer from the opinion of the court that it was claimed by

the appellant's counsel that the proofs, by their very completeness, tended to show the plaintiffs' preparation for the fire, and therefore the defendant had a right to have them examined by the jury.  We quote from the opinion : "Proofs of loss are for the court, in order that it may determine as a preliminary matter whether there has been a sufficient compliance with a condition precedent to the institution of the action.  It has been uniformly held that they are not evidence for the plaintiff and cannot be read to the jury : Cole v. Manchester Fire Assurance Co., 188 Pa. 345 ; Cummins v. German-American Insurance Co., 192 Pa. 359.  They were offered by the plaintiff not generally nor as evidence of the amount of loss, but specially for the consideration of the court.  If the defendant desired to use them as evidence of premeditation or design, the question of their admissibility for that purpose could be raised only by its offer of them."  It is thus seen that the assignment of error was not overruled upon the ground that sending out papers with the jury is discretionary with the trial court, but for the reason that the proofs of loss were not in evidence for the purpose for which the defendant desired to use them before the jury.  This case is not parallel with the present in every particular, and it would be pushing it too far to say that it rules the question before us.  But we think it quite clear that it is authority for the proposition that where the proofs are offered and admitted specially, as in this case, they are not in evidence for any and every conceivable purpose for which such documents may be introduced in an action on the policy.

Is it within the power of the court to control the order of evidence by admitting the proofs of death for the single and exclusive purpose of determining whether they comply with the requirements of the policy, and postponing comparison of the statements contained in them with the statements contained in the application until they are offered for that purpose by the defendant?  This, as we view the record, is what the plaintiff asked the court to do, and what the court intended and attempted to do, and we are not convinced that the action was erroneous.  It did not deprive the defendant of the benefit of the provision of the ninth condition of the policy, that the proofs of death "shall be evidence of the facts

therein stated in behalf of but not against the company." Having been produced on the call of the plaintiff and offered by him, they needed no further identification. The defendant could then have put in evidence the statements contained in them as to former illness and medical attendance, and, if no evidence explaining, correcting or contradicting them was introduced in rebuttal, would have been entitled to binding instructions. If the plaintiff introduced such evidence in rebuttal, the manner of submitting the question to the jury would have been the same as if he had introduced it as part of his case in chief. No substantial advantage was given him by the order of evidence sanctioned by the court. Nor are we convinced that it is in conflict with any unbending general rule, or irreconcilable with the weight of authority as shown by the cases cited by the appellant's counsel. It would unduly extend this opinion to review all of those cases and point out the distinctions between them and the case in hand. We think, however, after as thorough examination of them as we have been able to make, we are right in saying that our conclusion is not irreconcilable with what was actually decided in them, with perhaps one exception. The position of the appellant's counsel, it must be conceded, is supported by the reasoning of the case of Walther v. Mutual Life Insurance Co., 65 Cal. 417 (4 Pac. Repr. 413), and we are not unmindful of the respect to which the decisions of the court which rendered the judgment in that case are entitled. But, even though the case were more closely similar in its facts to the case at bar, it would not be a controlling precedent which we would be bound to follow. After deliberate consideration of the question, and in the absence of authoritative decision to the contrary which we would be bound to follow, we are constrained to adhere to the conclusion heretofore stated as to the action of the court in admitting the proofs of death for the single purpose for which they were offered. It follows logically that the defendant was not entitled to binding instructions.

Judgment affirmed.