# Degenhardt *v.* Aachen & Munich Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Certificate of magistrate—Proofs of loss—Waiver.*

Where a fire insurance policy requires the insured to furnish to the insurance company a certificate of the nearest magistrate as to the loss, and the insured furnishes a certificate of the nearest magistrate, but this is returned to him by the company on the ground that it is insufficient, but without the particular insufficiency being stated, and the magistrate on request refuses to furnish any other certificate, a ruling by the trial judge that the proofs of loss were sufficient in law, and a resultant verdict and judgment for the insured, will not be reversed on appeal.

Argued April 21, 1910. Appeal, No. 76, April T., 1910, by defendants, from judgment of C. P. No. 4. Allegheny County, Fourth Term, 1907, No. 951, on verdict for plaintiff in case of Jacob Degenhardt, Jr., v. Aachen & Munich Fire Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before Co-HEN, J.

The facts are stated in the opinion of the Superior Court.

· Verdict and judgment for plaintiff for $1,100. Defendants appealed.

*Errors assigned* were (1) refusal of binding instructions for defendants; (2) refusal of judgment for defendants n. o. v.

*W. K. Jennings,* with him *D. C. Jennings,* for appellants.—The certificate was insufficient on its face: Johnson v. Ins. Co., 112 Mass. 49; Worsley v. Wood, 6 T. R. 710.

Our courts have held over and over again that they cannot make contracts for the parties, but are bound by those already made, and every duty is discharged when they construe them: National Surety Co. v. Long, 125 Fed. Repr. 887; Northern Assur. Co. v. Standard Leather Co., 165 Fed. Repr. 602.

*W. A. Hudson,* for appellee.—The clause in a policy of insurance requiring the certificate of a magistrate or notary as to character and circumstances of the assured and the amount of the loss does not require a strict literal compliance more than any ordinary contract: Turley v. North American Fire Ins. Co., 25 Wend. (N. Y.) 374; Frick v. Ins. Co., 218 Pa. 409.

We say as a matter of law, that the defendants have waived any defects in said certificate.

1. Because defendants do not specify wherein there is any defect in Alderman Bleichner's certificate.

2. Because the defendants did not call for more specific proofs.

3. Because the statement "that the certificate of Alderman Bleichner does not comply with the requirements" is not sufficient notice to the plaintiff of any defect therein: Davis Shoe Co. v. Ins. Co., 138 Pa. 73; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157; Universal Fire Ins. Co. v. Block, 109 Pa. 535; Jacoby v. Ins. Co., 10 Pa. Superior Ct. 366; Coleman v. Ins. Co., 177 Pa. 239.

OPINION BY BEAVER, J., December 12, 1910:

This case and one by the same plaintiff against the Atlas Assurance Co., Ltd., were tried together in the court below. Verdicts and judgments were rendered and entered against both defendants. Separate appeals were taken which were argued here together, the questions involved being precisely the same, and their presentation included in the same paper-book.

Practically a single question is raised for consideration, although presented under two assignments of error. The first assigns for error the refusal of the court to the point that "Under all the evidence, the verdict should be for the defendants," which was refused. The second, that "The court erred in not directing judgment to be entered non obstante veredicto," the decree declining to do so being embraced in the second assignment of error.

The defendant, in its argument, says: "The principal legal question involved is in regard to a clause in the policy which provided as follows: 'The insured . . . . shall, if required, furnish a certificate of the magistrate or notary public not interested in the claim, as a creditor or otherwise nor related to the insured, living nearest the place of the fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public

shall certify.'" It is not contradicted that the plaintiff furnished a certificate by the nearest magistrate, but it is denied that the said certificate, or the supplemental certificate, was in accordance with the requirements of this provision of the policy. A certificate of G. J. Bleichner, alderman and ex-officio justice of the peace, was furnished with the proofs of loss as follows: "Pittsburg, Pa., July 22nd, 1907. I, G. J. Bleichner, Alderman of the 26th Ward, City of Pittsburg, County of Allegheny and State of Pennsylvania, do hereby certify that I am the nearest Alderman to the building No. 1606 Carson Street, Pittsburg, Pa., burned July 7th, 1907, in which there was a barber shop owned (as I am told) by Jacob Degenhardt, that I am not interested in the claim as a creditor or otherwise, nor related to the insured; that I have examined the circumstances, and believe the building, with all its contents, was a total loss, that I am not familiar with prices or value of barber shop goods and was never in said shop, and do not know what the loss sustained was, the said building being occupied only recently by said Jacob Degenhardt, as I am informed."

Complaint was made by the defendant to the attorney of the plaintiff of this certificate, alleging its insufficiency, in the following terms: "You are required to furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest to the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify. See lines 77–80 inclusive of the policy." The certificate of Alderman Bleichner does not comply with the requirements. Application, as the testimony shows, was made to the alderman for a more specific certificate, but he declined to accede to the request, for the reasons stated in his first certificate. The failure to furnish this certificate, in accordance with the terms of the policy, as construed by the plaintiff, is the principal ground upon which the court

was asked to direct a verdict for the defendant and to enter judgment for the defendant n. o. v., a verdict for the whole amount of the policy having been rendered by the jury.

The court, after declaring the duty of the plaintiff to comply with the provisions of the contract and reciting the clause in the policy relating to the certificate of a magistrate, in its charge to the jury, said: "I say to you as a matter of law that it has never been judicially determined, as far as I can ascertain, in Pennsylvania, positively and absolutely, whether the refusal of an alderman to amplify or to complete a certificate which he has given, or whether the absolute refusal to give a certificate at all, is a release of the assured from liability to respond to that covenant. I believe that the law is, or should be, that, where the assured has used every possible, reasonable and honest endeavor to obtain the certificate of the magistrate, and where the certificate is refused, he has done all that is required of him by that particular covenant of the policy. Or, if the certificate, as in this case, was furnished by the magistrate, and was returned by the company as incomplete, because the magistrate did not designate the amount of loss that he believed the plaintiff has sustained, and the company told the plaintiff to perfect that, and he went back (if you believe the testimony of Degenhardt that he did go back to Bleichner, the alderman) and that he did seek and urge the alderman to perfect that certificate by including in that certificate, or by an additional one, the fact that the amount of the loss of the assured he believed to be so much, and that the alderman refused and said he would have nothing more to do with it, I say to you then that in my judgment he did all that the law requires of him.

"So that, if you believe the testimony before you on the subject of the attempt to get a more perfect certificate, which Jacob Degenhardt has sworn to and if you believe what he says—that the alderman refused so to do—then you cannot throw him out of court and refuse

to give him what he is entitled to, because he has not complied with that provision of the contract."

In this the appellant insists the court committed error and that in the face of an unbroken line of decisions for one hundred years. Numerous English authorities and decisions of the supreme court of the United States and of the courts of appeal in many of our sister states are cited at length and it is shown that our own Supreme Court has not been entirely consistent in its rulings on this question.

Two points were presented by the defendant in the court below. One, asking the court to direct a verdict for the defendant, was refused. The other, relating to the concealment or misrepresentation by the plaintiff of any material fact or circumstance in relation to the purchase of the property insured or the commission of any fraud or false swearing touching the value of the insured property claimed to have been destroyed by fire, was affirmed. The manner in which the question, regarded by the appellant as the serious one in the case, was submitted to the jury, therefore, is not the subject of complaint.

The argument of the defendant seems to be based entirely upon what it alleges to be a failure on the part of the plaintiff to furnish the certificate of the nearest magistrate in relation to the fact of the fire and the amount or value of the property described. That the plaintiff did furnish a certificate is not denied, but it is alleged that the certificate was not such as was required by the policy. Wherein the certificate furnished was insufficient, or did not meet the requirements of the provision in the policy relating thereto, is not disclosed. The defendant returned the proof of loss, calling attention in general terms to the certificate of the magistrate, and affirming that it was not in accordance with the printed provisions of the policy, but not specifying wherein it differed. We are not dealing with a case in which the plaintiff failed to furnish a certificate of the nearest magistrate, but with

one in which the defendant declared that the certificate provided for in the policy was not furnished. Wherein was the certificate furnished insufficient? The defendant failed to notify the plaintiff wherein the certificate was defective, and this we take it to be the real point in the case.

In Kelly v. Sun Fire Office, 141 Pa. 10, the Supreme Court deals with certain alleged dicta contained in Universal Fire Ins. Co. v. Block, 109 Pa. 535, and Davis Shoe Co. v. Insurance Co., 138 Pa. 73, wherein, as to the statement of the opinion in the case first cited: "The company had no right to require a public officer to act in the adjustment of its risks, and the neglect of the assured to even ask a certificate from that officer would have been no default;" Mr. Chief Justice PAXSON, who wrote the opinion, goes on to say: "Fortunately, whether right or wrong, it has done no injury, as each of those cases" (referring to those last mentioned) "was decided upon other sufficient grounds, and the remark may be regarded as dictum. The present seems a fitting time to examine the question, and see if the dictum is law. If not, it is our plain duty, as it is our pleasure, to say so promptly.

"We do not think it was error to say that an insurance company 'had no right to require a public officer to act in the adjustment of its risks.' No such officer could be compelled to do so. This is plain enough. It does not follow that the parties to a policy of insurance may not contract that the insured shall procure a certificate from the nearest magistrate, notary, or other officer. Such contract is not forbidden by any law or rule of public policy. It may be a foolish contract on the part of the assured, but we do not reform men's contracts because of their folly. In the case in hand, the plaintiff did not complain of this clause; on the contrary, he complied with it. While the right of a company to compel a public officer to adjust its loss cannot be successfully claimed, yet, where such a clause exists in a policy by the agreement of the parties, we are not prepared to adopt the expression in

Universal Fire Ins. Co. v. Block, 109 Pa. 535, that 'the neg-
lect of the assured to even ask a certificate from that
officer would have been no default.' We are not dealing
with the case of an attempt on the part of the assured to
obtain such a certificate, and the refusal of the officer to
give it.

"This is not a new question, and we are, therefore,
spared an extended discussion of it. It is sufficient to re-
fer to the authorities. In 2 Phillips on Insurance, 472,
the rule is thus stated: 'Fire policies generally have a pro-
vision that the assured shall produce certain certificates
respecting the loss, which vary considerably, as will ap-
pear from the instances to be given. It is, like all express
conditions, always to be complied with, unless the right
to demand the certificate is expressly or impliedly waived
by the insurers.' This, I believe, is the rule in all the best
books on insurance; it is certainly so in Flanders on In-
surance, 2d ed., 586, and in Wood on Insurance, 710. It
was also declared in the Court of King's Bench, by Lord
KENYON, C. J., nearly a century ago, in Worsley v. Wood,
6 Term R. 710, and has continued to be the law of England
to this day. In Columbian Ins. Co. v. Lawrence, 27 U. S.
25, Chief Justice MARSHALL sustained a similar provision,
and when the same case came before the same court seven
years later, the principle was affirmed by Mr. Justice
STORY: 35 U. S. 507. The doctrine was squarely affirmed
in Gilligan v. Insurance Co., 87 N. Y. 626; Johnson v.
Insurance Co., 112 Mass. 49; Daniels v. Insurance Co., 50
Conn. 551. In our own cases of Commonwealth Ins. Co.
v. Sennett, 41 Pa. 161, and Mueller v. Insurance Co., 87
Pa. 399, the same rule is recognized, and in the former
case the opinion of Lord KENYON in Worsley v. Wood, 6
Term R. 710, is referred to with approval. The only cases
cited against this over-whelming weight of authority were
Universal Fire Ins. Co. v. Block, 109 Pa. 535 and Davis
Shoe Co. v. Insurance Co., 138 Pa. 73. The dictum of
those cases must give way before such an unbroken line
of decisions."

It is to be observed that this case does not determine or decide that the absolute refusal of a magistrate to furnish the certificate required would absolve the plaintiff from the necessity laid upon him by the terms of his policy, but that question does not necessarily arise here and, therefore, requires no discussion on our part.

Did the defendant discharge its duty to the plaintiff in failing to particularize wherein the certificate of the magistrate furnished by the plaintiff was deficient? "If the company intends to insist on defects, it should point out what defects it intends to rely upon, in order that they may be obviated; a mere indefinite objection is not sufficient, but an objection that the insured has failed entirely to comply with the conditions of the policy as to proofs is sufficient": 19 Cyc. 863.

"It is the duty of an insurance company, upon finding proofs of loss objectionable, to return the same and inform the assured of the particular defects": Universal Fire Ins. Co. v. Block, 109 Pa. 535.

Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73, decides, as contained in the syllabus: "It is not a sufficient compliance with this duty to return the proofs with a letter quoting that part of the policy which prescribes the form of the proofs and what they shall contain, and stating merely that the proofs in question are not in accordance therewith." This was precisely what the defendant did in this case.

So in Sutton v. American Fire Ins. Co., 188 Pa. 380: "Where the assured under a policy of fire insurance makes an apparently honest effort to specify with particularity his loss, as required by the policy, it is the duty of the insurance company, with reasonable promptness, to particularize wherein the assured fails to meet the condition."

Ordinarily and primarily "the preliminary proofs and their sufficiency are for the court; if not sufficient, the cause is at an end, unless they have been expressly or impliedly waived by the defendants": Comth. Ins. Co. v. Sennett et al., 41 Pa. 161; Kittanning Ins. Co. v. O'Neill,

110 Pa. 548; Cole et al. v. Manchester Fire Assurance Co., 188 Pa. 345; Sutton v. American Fire Ins. Co., 188 Pa. 380; Cummins v. German American Ins. Co., 192 Pa. 359; Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384.

The sufficiency of the proofs of loss was a question for the court. It decided that the requirements of the policy, relating to the proofs of loss, were substantially complied with. The manner in which this was determined is not complained of, there being no assignment of error based upon the charge of the court. Whether this decision were based upon the substantial compliance of the plaintiff in regard to the certificate by the magistrate, as to which we express no opinion, or upon the failure of the defendant to specify wherein the said certificate was insufficient, we are of the opinion that the ruling of the court in this respect was correct.

On the whole case as presented, we fail to find reversible error.

Judgment affirmed.

MORRISON and PORTER, JJ., dissent.