## Carpenter *v.* Allemannia Fire Ins. Co., Appellant.

156    37
e 35 SC 228

*Fire insurance—Description of property—Evidence.*

A policy of fire insurance was issued "upon the two story brick dwelling house, with slate roof, and its additions, adjoining and communicating, including foundations, porches, verandas," etc. A frame building adjoined and communicated with the brick building. The defendant company introduced evidence tending to show that the frame building was not intended by the parties to be included in the policy. Plaintiff introduced evidence tending to prove the contrary. *Held*, that a verdict and judgment for plaintiff should not be disturbed.

*Proof of loss—Notice—Waiver.*

An insurance company which retains without objections proofs of loss for over a month will be presumed to have waived defects.

Argued May 17, 1893. Appeal, No. 356, Jan. T., 1893, by

defendant, from judgment of C. P. Lancaster Co., Aug. T., 1891,
No. 127, on verdict for plaintiff, Henry Carpenter, assignee of
Joseph Bradel, to use.   Before STERRETT, C. J., GREEN, WIL-
LIAMS, MITCHELL and DEAN, JJ.

Assumpsit on policy of fire insurance.

At the trial, before BRUBAKER, J., it appeared that the policy
was upon the two story brick dwelling house, with slate roof, and
its additions, adjoining and communicating, including founda-
tions, porches, verandas, gas and water pipes and connections,
and stationary apparatus therein, situated at Nos. 502–4 on
the south side of West King street, Lancaster, Pa.

A frame building adjoined and communicated with the brick
dwelling and was used as a cigar factory.   On Feb. 5, 1891,
a portion of the brick building and all of the frame building
was destroyed by fire.

The agent of the company testified that when he went to
view the premises where the insurance was placed he asked the
owner: " Don't you want additional insurance on this frame
building? "   And was answered: " No, I have enough on that."
Plaintiffs denied that any such conversation occurred and claim-
ed that the policy in suit covered both buildings.

The proofs of loss were retained by the company for over
a month without objection.

Defendant's points were as follows:

" 1.  The alleged proof of loss did not set forth the description
of the property insured, and the amount of concurrent insurance
in other companies appears in said alleged proof  to be $2,500,
which is in excess of amount allowed by policy on which re-
covery is sought; nor did said proof set forth amount of joint
or concurrent insurance, or set forth the proportion of loss
claimed from defendant."   Refused. [1]

" 2.  If the court should hold that the plaintiff is entitled to
recover, then the court is asked to charge that plaintiff can only
recover one hundred dollars, the proportion claimed on the
brick building."   Refused. [2]

" 3.  There was a regular dwelling-house form used; it clearly
means the attachments used for the same purposes, to wit:
dwelling-house, but cannot mean a frame tobacco factory, a
foreign subject."   Refused. [3]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them, and (4) that the verdict was against the law and evidence.

*A. C. Reinoehl,* for appellant, cited : Pottsville Co. v. Fromm, 100 Pa. 354; Ins. Co. v. Cusick, 109 Pa. 163.

*John E. Malone* of *Steinmetz & Malone, Henry Carpenter* with him, for appellee, cited : Ins. Co. v. Moyer, 97 Pa. 441 ; Inland Ins. Co. v. Stauffer, 33 Pa. 397 ; State Ins. Co. v. Todd, 83 Pa. 272 ; Ben Franklin Ins. Co. v. Flynn, 98 Pa. 627 ; Davis Shoe Co. v. Ins. Co., 138 Pa. 73 ; Lafayette Gould v. Dwelling House Ins. Co., 134 Pa. 570 ; Beatty v. Lycoming Co. Ins. Co., 52 Pa. 456.

PER CURIAM, June 7, 1893 :

There appears to be nothing in either of the specifications of error that requires a reversal of the judgment.  The points for charge, recited in the first three specifications respectively, were rightly refused.   The remaining specification, viz. : " The verdict was against the law and the evidence," might have been addressed to the court below on a motion for a new trial, but it has no place here.

As specified in the policy, the insurance was " $1,000, upon the two story brick dwelling house with slate roof and its additions adjoining and communicating, including foundations, porches, verandas," etc.   This description clearly embraces the frame addition which was totally destroyed by the fire.   It not only adjoined, but also communicated with the brick building. The learned trial judge, however, permitted defendant company to introduce evidence for the purpose of showing that it was' not intended that said adjoining building should be embraced in the description.   That, together with plaintiff's evidence, tending to prove the contrary, was submitted to the jury, and they, by necessary implication, must have found that said building was covered by the policy.

Another frivolous ground of defence was the alleged insufficiency of the proofs of loss furnished within the sixty days required by the policy.   These proofs, in substantial compliance

with the terms of the policy, were furnished to defendant company on April 3, 1891, and retained by it, without objection, for more than a month. If the proofs were deemed insufficient, it was the plain duty of the company to give immediate notice of its objections, pointing out the supposed defects, etc. : Gould v. Insurance Co., 134 Pa. 586 ; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73.

Judgment affirmed.