## Bingell *v.* Royal Insurance Co., Ltd., Etc., Appellant.

*Insurance—Fire insurance—Policy — Construction — Proof of loss—Inventory—Substantial compliance—Magistrate's certificate —Waiver.*

1. The intention of the parties must necessarily govern in the construction of all contracts and it will never be presumed that persons occupying a contractual relation intend that an impossible thing shall be done. It is a general rule that a policy of insurance should be construed most strongly against the insurance company,

and in all cases of doubt the contract is to be interpreted in favor of the insured.

2. A fire insurance policy providing: "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured stating the knowledge and belief of the insured, as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof, and the amount of loss thereon," is to be construed to require the assured to furnish a statement of the damaged property remaining after the fire, and not to do what is practically impossible, make a complete itemized inventory of articles in the store before the fire occurred.

3. Where after a loss the insured holding such a policy submitted in good faith the information he had or was asked to furnish concerning his losses, together with an inventory of his damaged goods, and on request secured duplicate invoices of certain purchases made by him before the fire and a magistrate's certificate concerning the loss, he is not to be denied the right to recover merely because the inventory furnished was not a complete statement of all the goods in his store prior to the fire, especially where the defendant company retained the same forty-five days before making any objection thereto.

4. An insurance company which retains proofs of loss without objection for over a month will be presumed to have waived defects.

Argued March 11, 1913. Appeals, Nos. 291, 292, 293, 294, 295 and 296, Jan. T., 1912, by defendant from judgments of C. P. Northampton Co., Sept. T., 1911, Nos. 8, 11, 13, 14, 15 and 16, on verdicts for plaintiffs in case of Ferdinand W. Bingell, Trading as Bingell Brothers, v. Royal Insurance Company, Limited, of Liverpool, England, et al. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were the refusal of binding instructions for defendant and the refusal of judgment for defendant n. o. v.

*E. J. Fox,* with him *Frank R. Shattuck* and *J. W. Fox,* for appellant, cited: Boyle v. Ins. Co., 169 Pa. 349; Frick v. Ins. Co., 218 Pa. 409; Langan v. Ins. Co., 162 Pa. 357; Beatty v. Ins. Co., 66 Pa. 9; Marino v. Hartford Fire Ins. Co., 227 Pa. 120; Klein v. Franklin Ins. Co., 13 Pa. 247; Com. Ins. Co. v. Sennett, 41 Pa. 161; Cole v. Assurance Co., 188 Pa. 345; Cummins v. German American Ins. Co., 192 Pa. 359; Ætna Ins. Co. v. Bank, 62 Fed. Repr. 222.

*Herbert F. Laub,* of *Smith, Paff & Laub,* for appellee, cited: Frick v. United Firemen's Ins. Co., 218 Pa. 409; Boyle v. Hamburg-Bremen Fire Ins Co., 169 Pa. 349; Merrick v. Germania Fire Ins. Co., 54 Pa. 277; Grandin v. Rochester German Ins. Co., 107 Pa. 26; Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53; McKeesport Machine Co. v. Ben Franklin Ins. Company, 173 Pa. 53; Porter v. Ins. Co. of North America, 29 Pa. Superior Ct. 75; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 89; Beatty v. Lycoming County Mutual Ins. Co., 66 Pa. 9; Pearce Mfg. Co. v. Lebanon Ins. Co., 216 Pa. 265; Eberly v. Springfield Fire & Marine Ins. Co., 51 Pa. Superior Ct. 474; Hess v. Hartford Fire Ins. Co., 38 Pa. Superior Ct. 158; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73; Bush v. Hartford Fire Ins. Co., 222 Pa. 419; Sutton v. American Fire Ins. Co., 188 Pa. 380; Weiss v. American Fire Ins. Co., 148 Pa. 349; Carpenter v. Allemania Fire Ins. Co., 156 Pa. 37; Ehlers v. Aurora Fire Ins. Co., 19 Pa. C. C. R. 165; Snowden v. Kittanning Ins. Co., 122 Pa. 502.

OPINION BY MR. JUSTICE ELKIN, April 21, 1913:

At the trial defendant asked for binding instructions which were refused, and then filed motions for judgment non obstante veredicto and for a new trial upon which rules to show cause were granted. Both rules were discharged and judgment upon the verdict in favor of plaintiff was entered. There are two assignments of error and these assignments raise the questions above indicated. The main contention of the appellant is that under the evidence a verdict should have been directed for the defendant. The policy of insurance upon which suit was brought is of the standard form and it is argued with much force that the provisions of the policy relating to proofs of loss were not complied with and that failure to strictly comply with the requirements of the contract of insurance in this respect defeats the right to recover in the present action. The clause of the policy in question is as follows: "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured stating the knowledge and belief of the insured, as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof, and the amount of loss thereon." It is contended for appellant that the object of the clause just quoted is to secure a full statement of the loss so that the company may have notice and the necessary opportunity to test its correctness. This may be conceded without denying appellee the right to recover in the present case. The evidence shows that the insured after the fire did separate the damaged

and undamaged personal property, did protect the goods as far as possible under the circumstances and did make a general inventory of the merchandise as far as the same could be done in its damaged condition, stating the quantity, cost and amount claimed thereon as damages. Within sixty days after the fire appellee rendered statements to the various insurance companies, including appellant, signed and sworn to by him, stating his knowledge and belief as to the time and origin of the fire, the interest of himself and others in the property, the cash value thereof and the amount of loss thereon. These proofs of loss were received by the various companies March 10, 1911, and remained in their possession. The fire occurred February 7, 1911, so that the proofs were made and received in ample time. Prior to the time of furnishing the proofs of loss the insurance companies sent special adjusters to the scene of the fire for the purpose of inspecting the goods and making reports as to the amount of the loss. Appellant complied with all requests of the adjusters for information relating to the quantity and cost of the goods on hand at the time of the fire so far as he could furnish the same from his own knowledge or could obtain such information from others who had sold him goods within a reasonable time prior to the loss. He was asked to furnish duplicate invoices of all purchases made by him from January 1, 1909, to the date of the fire, and the evidence satisfies us that he made an effort to comply with this request of the adjusters. Thus the situation remained until April 24, 1911, forty-five days after the proofs of loss were furnished, when appellant wrote appellee that his proofs of loss were rejected because of failure to comply with the conditions, stipulations and requirements of the insurance contract. In the letter it was pointed out that the clause of the policy above quoted required the insured to furnish a complete inventory of the property, stating the quantity and cost of each article and the amount claimed thereon, and that the proofs submitted were in-

sufficient to meet these requirements. While the letter pointed out the failure to itemize the merchandise in the proofs of loss, no specific demand was made for such an itemized statement. The insurance contract provided that if required the insured shall furnish a magistrate's certificate relating to the loss and in the letter above referred to the insurance company made a specific demand to have this certificate furnished. It was furnished five days later and in this respect it must be conceded that appellee complied with the only specific demand made upon him by the insurance companies after his proofs of loss were submitted. The single question remaining for consideration here is whether under all the circumstances the right of the insured to recover for his loss is defeated because he failed to furnish an inventory stating the quantity and cost of each article of damaged merchandise on hand at the time of the fire and the amount claimed thereon. In this connection it should be observed that this provision of the policy has reference to the duty of the insured after the fire. It is his duty to protect the property from further damage, to separate the damaged from the undamaged merchandise, to put it in the best possible order, and then make a complete inventory of the same, that is, the damaged property remaining. In the very nature of things it could not be that the parties to the insurance contract intended this inventory to contain an itemized statement of each article of merchandise in the store at the time of the fire because many of the articles were destroyed by the fire and no one could with accuracy make an inventory of every article destroyed. The intention of the parties must necessarily govern in the construction of all contracts and it will never be presumed that persons occupying a contractual relation intend that an impossible thing shall be done. It is a general rule that a policy of insurance should be construed most strongly against the insurance company, and in all cases of doubt the contract is to be interpreted

in favor of the insured: Bole v. Fire Insurance Co., 159 Pa. 53; McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53. Where the insured acts in good faith and discloses such information as the insurance company requests, the contract should be liberally construed in aid of the indemnity which was in contemplation of the parties who made it: Porter v. Insurance Co., 29 Pa. Superior Ct. 75. What was said by Mr. Justice SHARSWOOD in Beatty v. Mutual Insurance Co., 66 Pa. 9, is pertinent to the case at bar. We cite the following from the opinion in that case: "It is certainly not necessary in every case to report all the items in detail which constitute the loss. It may be entirely out of the power of the assured to do so. His books and papers may have been destroyed by the fire. But every person assured must be presumed to know enough to be able to remember some particulars, or to give a description, if it do not descend to details of the different kinds and value of the articles." In the present case appellee did remember many of the particulars and did make a general inventory of the damaged goods after the fire. In addition he furnished the adjusters upon request much information as to invoices and purchases prior to the fire. Under all the circumstances of the present case we are of opinion that the right of the insured to recover the amount of his loss was not defeated by his failure to submit with his proofs of loss an inventory containing an itemized statement of each article in his store where the fire occurred, with the exact cost and quantity. This is especially true in view of the fact that no objection was made to the sufficiency of the proofs until forty-five days after the same had been in the possession of appellant. An insurance company which retains proofs of loss without objection for over a month will be presumed to have waived defects: Carpenter v. Fire Insurance Co., 156 Pa. 37. To the same general effect see Davis Shoe Co. v. Kittanning Insurance Co., 138 Pa. 73; Sutton v. Fire Insurance Co., 188 Pa. 380.

The learned trial judge submitted every question in the case to the jury and carefully instructed them on all questions for their consideration. In addition he filed an opinion discharging the rule to show cause why judgment non obstante veredicto for the defendant should not be entered in which every question in the case was fully, carefully and comprehensively considered. We concur in all of the conclusions reached by the learned court below and see no reason to disturb the judgment entered.

What is said in this case applies to Nos. 292, 293, 294, 295 and 296. The same judgment may be entered in each of these cases. Judgment affirmed.