THE MASON-HENRY PRESS, Appellant, *v.* ÆTNA LIFE
INSURANCE COMPANY, Respondent.

Insurance — employers' liability policy — clause exempting
insurer from liability arising from violation of Labor Law by
insured — when defense by insurer of action by employee against
insured not a waiver of such exemption.

1. The parties to an employers' liability policy of insurance, by
their contract, have a right to place a limitation on the insurer's
liability and to exempt the latter from any claim for indemnity to
the insured against damages resulting from the latter's violation
of the Labor Law.

2. When an employee made his claim for damages against the
insured basing such claim on various grounds which were covered
by the policy of insurance, and also on an alleged violation of law
which was not covered thereby, the insurer had a choice between
two courses of action which would preserve the limitation on its lia-
bility which has been referred to. It could regard simply the
charge of violation of law by the insured and refuse to defend the
action, or, on the other hand, it could proceed with the defense of
the action under an understanding with or notice to the insured,
express or implied, that it would defend against all allegations of
fault, and that if in the end it should come out that the only alle-
gation sustained was the one of violation of law, its rights should
be preserved, and it should not be liable.

3. Where the insurer elected to defend the action, but, at the out-
set, by a written notice, called to the attention of the insured an
allegation of the employee that he was being employed in violation
of law, and that, if such proved to be the case, "this case would not
fall to us for attention," it did all that was necessary and all that
it could do to preserve and assert its rights under the exemption or
condition while thus proceeding with the defense of the case. A
subsequent oral statement by an agent of the insurer, in a conver-
sation with an officer of the insured, that his company "is going on
with the case and is going to take care of it" did not at all destroy
the proposition that if at the end of that case it should be deter-
mined that the accident resulted from a cause not covered by the
policy the insurer would not be liable. More especially, where,
thereafter, the insurer discovered evidence which corroborated the
employee's claim that he was under age and had been employed in
violation of law, and this information was promptly brought to the

attention of the insured with a request that it co-operate with the insurer in effecting a settlement. (*Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235, distinguished.)

*Mason-Henry Press* v. *Ætna Life Ins. Co.*, 155 App. Div. 876, affirmed.

(Argued May 6, 1914; decided June 9, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 11, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. O'Brien* and *Albert J. Oot* for appellant. The defendant, having taken exclusive control of the action brought by Krause, and having defended that action through to judgment, is estopped from claiming that the Krause claim was not covered by the policy, and it was, therefore, error for the trial court to grant the nonsuit. (*Rosenbloom* v. *Maryland Casualty Co.*, 153 App. Div. 23; *Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815; *Glens Falls C. Co.* v. *Travelers' Ins. Co.*, 11 App. Div. 411; 162 N. Y. 399; *Royle Mining Co.* v. *F. & C. Co.*, 126 Mo. App. 104; *Tozer* v. *Ocean A. & G. Co.*, 94 Minn. 478; *Cornell* v. *Travelers' Ins. Co.*, 175 N. Y. 246; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 503; 206 N. Y. 733; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 151; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Oceanic Steam N. Co.* v. *Campania*, 144 N. Y. 663.) Defendant by its acts and conduct is estopped from claiming that the Krause claim was not within the risk covered by the policy, or at least its acts and conduct presented a question of fact for the consideration of the jury. (*Draper* v. *O. C. F. R. Assn.*, 190 N. Y. 16; *Brown* v. *Brown*, 30 Hun, 519; *Ackerman* v. *True*, 175 N. Y. 363; *Miller* v. *City*, 113 App. Div. 92;

*Page* v. *Methfessel,* 71 Hun, 448; *Fairbanks Canning Co.* v. *London G. & A. Co.,* 133 S. W. Rep. 664; *Hume* v. *Phila. C. Co.,* 79 Atl. Rep. 3; *Contl. Bank* v. *N. B., etc.,* 50 N. Y. 575; *Justh* v. *Nat. Bank,* 56 N. Y. 485; *Voorhis* v. *Olmstead,* 66 N. Y. 118; *Hayner* v. *Am. P. L. I.,* 69 N. Y. 439.) The defendant, by repeatedly acknowledging the validity of the policy contract, by acting under its provisions and by requiring plaintiff to perform various acts relative to Krause's claim and action, waived the alleged breach of the condition that Krause was employed in violation of law. (*Titus* v. *G. F. Ins. Co.,* 81 N. Y. 410; *Walker* v. *Insurance Co.,* 156 N. Y. 628; *Roby* v. *Insurance Co.,* 120 N. Y. 510; *Pratt* v. *D. H. M. Fire Ins. Co,* 130 N. Y. 206; *Ronald* v. *Association,* 132 N. Y. 378.)

*Charles E. Spencer* for respondent. The policy does not cover any loss or expense arising on account of or resulting from injuries to any person employed in violation of law. It expressly excepts such cases from the risks insured against. (*Koester* v. *R. C. Works,* 194 N. Y. 92; *Draper* v. *O. C. F. R. Assn.,* 190 N. Y. 12; *Freeman* v. *Ins. Co.,* 144 Mass. 572.) Under the facts and circumstances of this case, the insurance company was fully justified in defending the action brought by the injured employee, without assuming any liability to the Mason-Henry Press beyond that provided by the policy of insurance. (*G. F. P. C. Co.* v. *Traveler's Ins. Co.,* 162 N. Y. 399; *F. C. G. & E. Co.* v. *H. R. Tel. Co.,* 200 N. Y. 287; *O. S. N. Co.* v. *Co. T. E.,* 134 N. Y. 461; *Mayor, etc.,* v. *Brady,* 81 Hun, 440; *Tozer* v. *Ocean A. & G. Co.,* 94 Minn. 478; *Royal Mining Co.* v. *F. & C. Co.,* 103 S. W. Rep. 1098; *F. C. Co.* v. *L. G. & A. Ins. Co.,* 133 S. W. Rep. 664; *H. C. Co.* v. *P. Casualty Co.,* 79 Atl. Rep. 1.) The judgment secured by the injured employee was conclusive upon the plaintiff in this action that the risk was not covered by the insurance.

(*Campbell* v. *Consolus*, 25 N. Y. 613; *Bell* v. *Merrifield*, 109 N. Y. 202; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341; *House* v. *Lockwood*, 137 N. Y. 259; *Reynolds* v. *A. F. Ins. Co.*, 160 N. Y. 635; *Boyd* v. *A. F. Ins. Co.*, 53 App. Div. 152; *Cromwell* v. *County of Sac*, 94 U. S. 351; *City of New York* v. *Corn*, 133 App. Div. 1; *Wash. Gas Co.* v. *Dist. of Columbia*, 161 U. S. 316; 1 Freeman on Judgments [4th ed.], § 275; *Stearns* v. *Shepard & Morse L. Co.*, 41 App. Div. 49.) As the policy of insurance expressly excepted loss or expense arising or resulting from injuries to persons employed in violation of law from the risks insured against the doctrine of waiver has no application to this case and no liability can be predicated against the defendant on that theory. (*Draper* v. *O. C. F. R. Assn.*, 190 N. Y. 12.) There is no basis for the claim that this defendant is estopped from denying its liability to indemnify plaintiff for the judgment recovered in the action of the injured employee. (*Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6; *Baumgartel* v. *B. W. Ins. Co.*, 136 N. Y. 547; *O'Brien* v. *Prescott Ins. Co.*, 134 N. Y. 32; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219; *Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178; *Holden* v. *Putnam Fire Ins. Co.*, 46 N. Y. 1; *Wyckoff* v. *Lagrange*, 12 Misc. Rep. 108; *Maxwell* v. *B. C. B. Co.*, 41 Mich. 453; *New York Rubber Co.* v. *Rothery*, 107 N. Y. 310; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132.)

HISCOCK, J. The respondent issued to the appellant a contract of insurance commonly known as an employers' liability policy, agreeing to indemnify it against loss or expense from claims arising out of injuries to employees. This policy, in most of its essential parts at least, was in the ordinary form of such contracts, and for the purposes of this discussion special attention need be called to only a few of its provisions.

In substance it provided for notice to the insurer of any accident, for delivery to the latter of any summons

or complaint in an action for injuries and control by it of
such litigation, with the right to call on the insured for
co-operation; also prohibited the insured from assuming
any liability or interfering in any negotiations for settle-
ment or in any legal proceedings, or from settling any
claim except at its own cost without the consent of the
insurer.

It also contained the following provision, which was
denominated a "Condition," and which is the important
clause in this action: "This policy does not cover loss or
expense arising on account of or resulting from injuries
or death to, or if caused by (1) Any person employed in
violation of law."

In its business appellant operated a printing press, and
after the issue of the policy and while the same was in
full force a boy in its employ was injured while operating
the press. Subsequently he served on appellant a notice
of claim under the Employers' Liability Act and still later
commenced an action to recover damages. Both in his
notice and in his complaint he alleged various derelictions
and acts of negligence, and amongst them that at the time
of the accident he was fifteen years of age; that no cer-
tificate as required by law had been issued permitting him
to work in a factory or upon printing presses and that he
was, therefore, employed by the appellant in violation of
the Labor Law and that said violation caused said acci-
dent. An answer was served by the respondent in that
action in the name and behalf of the appellant, denying
all allegations of negligence and liability.

At the trial the trial justice dismissed all other grounds
of complaint and permitted the case to go to the jury on
the sole charge that the boy had been employed by the
insured in violation of law, and the jury on said ground
found a verdict in his favor awarding a substantial sum
for damages on which judgment was entered. This
respondent refused to pay such judgment on the ground
that it resulted from the violation by the insured of the

Labor Law and, therefore, came within the condition or exemption above quoted.

To retrace our steps somewhat, the insured, appellant here, promptly notified this respondent of the accident as soon as it happened and there was some discussion with the latter's agent concerning the age of the boy. When the notice of claim and the summons and complaint in that action were served they were promptly transmitted to this respondent. On receipt of the former the latter wrote to the appellant that it noticed the allegation in the notice "that injured was fifteen years of age," and asking it to advise respondent whether it had on file at its office a copy of an employment certificate. To this appellant replied that it had on file a statement from the boy's father that he was sixteen years of age, which would avoid any violation of the Labor Law. On receipt of the summons and complaint respondent wrote the appellant a letter stating in substance that it noticed the allegation in the complaint that the injured was under sixteen years of age and that no certificate as required by law had been issued and calling the attention of the assured to that provision of the policy already quoted providing that the policy did not cover any case where a person had been employed in violation of the law, and stating that if it developed on the trial of the case that "injured was employed contrary to law, this case would not fall to us for attention."

On receipt of this letter appellant's officer had a conversation with respondent's agent in which the former in substance stated that he did not understand this latter notice; that they had a statement from the boy's father that the boy was over sixteen years of age, and thought "that they were lying when they say the boy is under sixteen," and in which the agent, on the other hand, stated: "That is all right, that is just a formal notice we send out in cases; don't give yourself any uneasiness about that. * * * The Ætna is going on with the

case and is going to take care of it.   *   *   *   Mr. Spencer will have charge of the case; I want you to see Mr. Spencer and keep yourself in touch with him."

Subsequently this respondent, continuing an investigation of the boy's age, discovered a baptismal record indicating that he was under sixteen years of age as claimed and, therefore, had been employed by appellant in violation of law.   It mailed to the appellant a copy of this certificate, and on receipt thereof the latter's officer again went to respondent's office where the following conversation occurred:

Respondent's manager: "I have been thinking this matter over considerably since we received this birth certificate and it seems to me as though this is a very dangerous case in view of that certificate.   I would advise that some sort of settlement be made."

Appellant's officer: "Well, that is a matter entirely for the Ætna Insurance Company to consider."

Respondent's manager: "Would not your concern favor contributing towards a settlement?"

Appellant's officer: "Certainly not; we have the written statement of the father that the boy was 16 years of age; we have hired him in perfectly good faith; we have paid our premiums to the company regularly and we shall expect the company, Insurance Co., to take care of us and protect us according to the terms of the policy."

Respondent's manager: "Well, we will go ahead and take care of it; we will go ahead with the case, but I think you are using very poor judgment in deciding as you have."

The respondent did thus conduct the defense, and as the time for the trial approached it called on the insured for co-operation in the way of furnishing evidence, and its counsel took part in the trial of the action.

The parties by their contract of indemnity or insurance had a right to place a limitation on the insurer's liability and to exempt the latter from any claim for indemnity

to the insured against damages resulting from the latter's violation of the Labor Law. They did insert in the contract a clause thus limiting the liability of the insurer.

The jury in the employee's action determined that the accident did result from such a violation of law by the insured and the judgment of which the latter now seeks payment from the respondent measures the damages caused solely by such violation. Under these circumstances it is plain that the respondent should have the benefit of the limitation on its liability which has been duly accepted and agreed to, unless it has in some manner waived this limitation, or by its conduct has estopped itself from asserting the same. We cannot discover that it has done either.

. When the employee made his claim for damages against the insured basing such claim on various grounds which were covered by the policy of insurance, and also on the alleged violation of law which was not covered thereby, the insurer had a choice between two courses of action which would preserve the limitation on its liability which has been referred to. It could regard simply the charge of violation of law by the insured and refuse to defend the action, taking its chances that this sole ground of liability, if any, would be established, and for which it would not be liable. On the other hand, it could proceed with the defense of the action under an understanding with or notice to the insured, express or implied, that it would defend against all allegations of fault, and that if in the end it should come out that the only allegation sustained was the one of violation of law, its rights should be preserved and it should not be liable.

It could hardly be expected that the respondent would take the first course. As has been stated, various grounds of negligence were alleged which were covered by the policy and the insured insisted from the outset that it had not violated the law in hiring the boy and that, therefore, this allegation of fault was untrue. Under such

circumstances, I think that the insurer as a matter of safety to itself and of fairness to the insured was bound to undertake the defense of the action for the benefit of both and of each.    But I think that the respondent did all that was necessary and all that it could do to preserve and assert its rights under the exemption or condition while thus proceeding with the defense of the case.    Of course, there was no method by which it could compel the insured to make an explicit agreement of the kind above suggested covering this subject.    All it could or was bound to do was to fairly and reasonably assert its rights under the policy in such a manner as would be notice to the insured that it did not intend to waive those rights by proceeding with the defense of the action.    This it did. At the very outset it called to the attention of the insured the allegation of the employee that he was being employed in violation of law and that if such proved to be the case "this case would not fall to us for attention."    While this language is somewhat colloquial, the notice as a whole was evidently fully understood by the appellant and I do not think that the subsequent conversation with respondent's agent which was not given by appellant's officer on the first but only on the second trial, served to obliterate the effect of this notice.    It did not withdraw the written notice or destroy its meaning and whether this notice was regarded as a "formal" or informal document, it called to the attention of the insured that there was a charge of violation of law causing the accident which was not covered by the policy and the further statement that the defendant was "going on with the case and was going to take care of it," did not at all destroy the proposition that if at the end of that case it should be determined that the accident resulted from a cause not covered by the policy the insurer would not be liable.

But even if this conversation permitted any uncertainty about the respondent's attitude, such uncertainty was certainly removed by subsequent events.    It discovered

evidence which corroborated the employee's claim that he was under age and that he had been employed in violation of the law, and this information was promptly brought to appellant's attention with a request that the insured co-operate with the insurer in effecting a settlement of the case. In response to this request the appellant, in line with its continued assertions that there had been no violation of the law, refused to entertain any suggestion of such co-operative settlement and instead stood on its rights under the policy, insisting that the respondent should proceed with the trial of the action.

Under all of these circumstances it is impossible to see how the respondent ever indicated any waiver of its rights or ever so misled the insured that it is now estopped from asserting those rights. It called attention to the alleged violation of law and to its exemption from liability for claims arising from such violation. It discovered evidence strongly indicating that there had been a violation of law which would bring the exemption into effect and urged a settlement of what was regarded as a dangerous case for the benefit of both parties. The appellant's attitude from beginning to end was that it had been guilty of no violation, that the allegation of violation was false and that the insurer under its policy was compelled to defend the action. The jury has found that the appellant was inaccurate in its assertion that there had been no violation of law. It has established the facts as making the accident to the employee of a character not covered by respondent's policy and for which the latter has plainly insisted that it was not liable as insurer.

We see no good reason for reversing the action of the courts below and holding the respondent liable for a claim which the parties, as evidenced by their written contract, never intended it should pay. The case is entirely unlike that of *Brassil* v. *Maryland Casualty Co.* (210 N. Y. 235). There the insuring company pursued a course

which we regarded as in violation of its contract and as most unfair towards the insured. It refused to permit the insured to effect a settlement of the claim, and then when the time for doing this had passed and a large judgment far·in excess of the amount for which indemnity had been contracted had been recovered as the result of the opposite course of litigation, it refused to continue the defense as it was bound to.

In this case, on the other hand, the insurer seems to have acted with entire fairness and with due regard for its obligations and for the rights of the insured, and if the result has been disastrous to the latter ·it must be accounted one of the fortunes of litigation in which juries sometimes unexpectedly determine for parties what the real facts are, or the result of appellant's unwillingness to co-operate with respondent in settling what was a well-founded claim of its violation of law.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, MILLER and CARDOZO, JJ., concur.

Judgment affirmed.