# Goldberg v. Crown Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Additional insurance—Pleading—Evidence—Rules of court—Proofs of loss.*

In an action on a policy of fire insurance where the defendant pleads non assumpsit, and files notice of special matter of defense in that the plaintiff carried additional insurance contrary to the

terms of the policy, the defendant, after the policy is proved, is confined alone to the defense stated in the notice, if a rule of court provides that the plea of non assumpsit covers only the denial of the making of the contract, and that all other defenses except payment, set-off and the statute of limitations, must be confined to the defenses stated in the notice of special matter.

In an action on a policy of fire insurance, it is not reversible error for the court to permit the plaintiff to offer in evidence the proofs of loss, if it appears that the offer involves nothing more than putting upon the record and bringing to the notice of the jury, a fact which was not denied by the defendant, and therefore was to be regarded as admitted.

*Insurance—Fire insurance—Application not attached to policy—Act of May 11, 1881, P. L. 20.*

In an action on a policy of fire insurance the application if not attached to the policy, is not admissible at the instance of the defendant, although the policy states "that other insurance is permitted as mentioned on application for the insurance," and the defense is the taking out of other insurance in alleged violation of the contract.

Argued May 13, 1915.  Appeal, No. 188, April T., 1915, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1914, No. 107, on verdict for plaintiff in case of Harry Goldberg v. Crown Mutual Fire Insurance Company of Somerset.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on policy of fire insurance.  Before RUPPEL, P. J.

At the trial plaintiff made this offer:

"By Mr. Shaver: We now offer in evidence the proof of loss on this policy No. 515, in the Crown Mutual Fire Insurance Company of Somerset, Pa., for the purpose of showing the amount of the liability of the defendant company, and for the purpose of showing compliance upon the part of the plaintiff with the terms and conditions of the policy upon his part to be kept and performed.

"By Mr. Boose: This is objected to for the reason that the proof of loss submitted is not competent evidence for the purpose of showing the value of the goods alleged to have been damaged by the plaintiff's fire.

"By the Court: The objection raises a collateral question. The offer is for a specific purpose and the objection does not go to the offer, and for that reason alone the offer might be admitted. But under the pleadings in this case I think the only issue is as to the question of additional insurance on the property lost. The plaintiff filed a statement giving a copy of the policy, copy of proofs of loss, and making averments as to the amount of loss, amount of insurance, and every other element requisite for the establishment of a claim. To this the defendant filed an affidavit of defense making no denial of any of the facts, and setting up the single defense that there was other insurance on the property destroyed which vitiated the policy in suit. This was followed by filing the plea of non assumpsit accompanied by special matter setting up the same questions referred to in the affidavit of defense. There is no denial of the amount of plaintiff's loss and the value of the goods destroyed or any question of that kind. No such defense has been set up either by notice to the insured before suit brought or in the pleadings and special matter on file in the case, and therefore the objections are overruled, the evidence admitted and bill sealed to the defendant."

Exception noted for defendant before verdict and bill sealed. (1)

"By Mr. Boose for defendant: We propose to identify this policy. We propose to prove with the witness on the stand that he was secretary of the Crown Mutual Fire Insurance Company at the time of the issuance of the policy in suit; that he continued to be the secretary of said company up until and after the date of the plaintiff's fire; that as secretary of said company he never received any notice whatever from the plaintiff that he had taken out additional insurance in other companies;

that the only insurance which the plaintiff had at the time of issuing the policy in suit as stated by the plaintiff himself was $1,000.00 insurance in the Ætna.   This to be followed by proof by several other witnesses that subsequent to the date of the policy in suit, the plaintiff took out $5,000.00 additional insurance in other companies; all of this testimony being offered for the purpose of showing a violation of the clause in the policy which renders said policy void if other insurance shall have been procured by the insured without the agreement of the defendant endorsed or added to its said policy.

"By Mr. Shaver: This offer is objected to for the following reasons:

"1. It is an attempt on the part of the defendant to contradict the terms of its own contract in writing.

"2. The proof is irrelevant and immaterial for the reason that under the terms of the contract the insured was given permission to take out other insurance.   If admissible at all under the contract and the pleadings, it would be admissible only upon proof by the defendant of its compliance with the terms and provisions of the Act of 1881, relative to the defendant's compliance with the said act is attaching a copy of the application to the policy.

"3. And generally, the offer is irrelevant, incompetent and immaterial.

"By the Court: As I understand the offer, it is simply to prove the additional insurance already established by the plaintiff's testimony and embodied in the proofs of loss which have been offered in evidence and therefore I can see no advantage to come to the defendant from offering this proof.   The policy in suit has attached to it this clause: 'Other insurance permitted as mentioned on application for this insurance.'   No copy of the application is attached to the policy as provided by the Act of 1881, the objections are sustained, the evidence excluded and bill sealed to the defendant."   (2)

Verdict and judgment for plaintiff for $1,137.91.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence and (3) in giving binding instructions for plaintiff.

*Norman T. Boose,* for appellant.—Proofs of loss are not admissible in evidence against the objection of the defendant as to their competency, as affirmative evidence for the jury of the amount of the loss: Com. Ins. Co. v. Sennett, 41 Pa. 161; Lycoming Ins. Co. v. Schreffler, 42 Pa. 191; Cole Bros. v. Manchester Fire Assurance Co., 188 Pa. 345; Sutton v. American Fire Ins. Co., 188 Pa. 380; Cummins v. German American Ins. Co., 192 Pa. 359.

Under the issue raised by the pleadings, the plaintiff was required to prove his whole case before the defendant could be put upon proof of its defense: Heck v. Shener, 4 S. & R. 249; Rogers v. Old, 5 S. & R. 403; Sossong v. Rosar, 112 Pa. 197; Natl. Ins. Co. v. Brown, 128 Pa. 386; Long v. Morningstar, 212 Pa. 458; Shannon v. Castner, 21 Pa. Superior Ct. 294; Cochran v. McGeorge, 54 Pa. Superior Ct. 456; Flegal v. Hoover, 156 Pa. 276; Taylor v. Beatty, 202 Pa. 120.

It appearing from the proofs of loss introduced in evidence by the plaintiff that he had taken out additional insurance it was incumbent upon the plaintiff to prove that the defendant had waived this condition of the policy, or was estopped to assert it: Greiner v. Ins. Co., 25 Lanc. 337; Monk v. Penn Twp. Fire Ins. Ass'n., 27 Pa. Superior Ct. 449; Smith v. West Branch Fire Ins. Co., 31 Pa. Superior Ct. 29; Weiler v. Lancaster County Mut. Ins. Co., 50 Pa. Superior Ct. 249.

*J. A. Berkey,* with him *C. L. Shaver,* for appellee, cited: Wakely v. Sun Ins. Co. of London, 246 Pa. 268; Hebb v. Kittanning Ins. Co., 138 Pa. 174; Moore v. Susquehana Mut. Fire Ins. Co., 196 Pa. 30; Klein v. Frank-

lin Ins. Co., 13 Pa. 245; Everett v. London, Etc., Ins.
Co., 142 Pa. 332; Natl. Ins. Co. v. Brown, 128 Pa. 386;
Muir v. Preferred Accident Ins. Co., 203 Pa. 338; Bush
v. Hartford Fire Ins. Co., 222 Pa. 419; Mahon v. Pacific
Mut. L. Ins. Co., 144 Pa. 409; Zimmer v. Central Acci-
dent Ins. Co., 207 Pa. 472.

OPINION BY TREXLER, J., October 11, 1915:

This is an action upon a fire insurance policy. No. 37,
Section 10, of the rules of court of Somerset County pro-
vide, "In the action of assumpsit, the plea of non as-
sumpsit shall operate, only as a denial in fact of the ex-
press contract or promise alleged or of the matters of
fact from which the contract or promise alleged may be
implied by law, and all defenses not admissible under
this plea, except payment, set-off and the statute of limi-
tations, shall be embraced and set forth in the special
matter of defense to be filed with the plea." The de-
fendant entered a plea of non assumpsit and filed notice
of special matter in that it denied liability for the reason
that the plaintiff, contrary to the provisions of the policy,
had subsequently carried additional insurance without
obtaining the consent of the defendant. Under the rule of
court above quoted, when the parties went to trial, after
proof of the contract of insurance, the issue was con-
fined to the single question of fact, whether the plaintiff
had rendered the policy void by the taking of additional
insurance. The validity of the rule is not raised. The
Act of May 27, 1887, Section 7, P. L. 272, provides that
"the pleadings in all courts to be subject to the rules
of the respective courts as to notice of special matter."
Under the above rule of court the general plea of non
assumpsit covered only the denial of the making of the
contract. The evident purpose of the rule is to limit the
trial to those things that are specifically denied by the de-
fendant and the defendant having in this case pleaded
specially the matter of additional insurance, by its act
avowed that it was willing to go to trial upon that ques-

tion alone. Under the rule of court the plea of non assumpsit required the plaintiff to prove the "express contract or promise alleged" and nothing more.

The lower court allowed the plaintiff to put in evidence the proofs of loss and this is assigned for error. Ordinarily the proofs of loss are not admissible. There are a large number of cases that so hold, we need only refer to one, Rosenberg v. Fireman's Fund Ins. Co., 209 Pa. 336. However, after the policy of insurance was admitted, the offer by the plaintiff of the proofs of loss was nothing more than putting upon the record and bringing to the notice of the jury a fact which was not denied by defendant and therefore was to be regarded as admitted. We think therefore that the admission of the proofs of loss was not error.

The only other matter we need to consider is whether the court erred in not admitting the application which did not accompany the policy, nor was attached thereto as required by the Act of May 11, 1881, P. L. 20, Section 1. Both the appellate courts of this State have uniformly held that the insured cannot in such case put the application in evidence. It is barred by the express language of the act. The question is not any longer open to discussion. The defendant however argues that as the written portion of the policy states, "that other insurance (is) permitted as mentioned on application for this insurance," and as this clause is meaningless, standing by itself, that it was the duty of the plaintiff to introduce the application in evidence to explain what other insurance was permitted. The clause above inserted is not meaningless. It may fairly be argued that it is ambiguous. It may mean that as stated in the application, other insurance is permitted, that is without limit, not an unusual privilege granted by insurance companies, or it may mean other insurance permitted such as is designated, or permitted by the application. Of course, as between these two constructions, the lower court very

properly chose the one more favorable to the insured: Bingell v. Royal Ins. Co., 240 Pa. 412.

The defendant having admitted the claim and its only defense being the taking out of additional insurance, the proof of that failing, the court properly directed a verdict in favor of the plaintiff.

The assignments of error are overruled and the judgment is affirmed.

PORTER, J., dissents.