Protane Corporation *v.* Travelers Indemnity Co., Appellant.

Argued September 30, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John B. Brooks,* of *Brooks, Curtze & Silin,* for appellant.

*M. E. Graham,* with him *W. F. Illig* and *Gunnison, Fish, Gifford & Chapin,* for appellee.

OPINION BY MR. JUSTICE PARKER, November 24, 1941:

This matter came before the court below on a case stated to determine whether a public liability indemnity policy issued to plaintiff by defendant entitled plaintiff to indemnity against liability arising out of a casualty resulting from inadequate training given by plaintiff to an independent contractor handling its product. Plaintiff, The Protane Corporation, manufactures "systems" for the domestic use as fuel of liquefied hydrocarbon gas which it sells to independent contractors to whom it has granted exclusive sales rights in specified territories. These dealers in turn sell, install, and service the "systems". The servicing includes replacing empty gas tanks with full ones furnished by plaintiff, ownership of the tanks being retained always by plaintiff. On July 18, 1936, such a dealer, one Fuller, was engaged in replacing a tank in the home of Martha Rogers at Bemus Point, New York. The case stated set forth that "all negotiations and transactions for the furnishing of said gas and container by plaintiff to Fuller, and all of the instructions and training given by plaintiff to Fuller, were carried on and furnished respectively to said Fuller at the main office of plaintiff on Powell Avenue, Millcreek Township, Erie County, Pennsylvania. During the handling of the gas . . . a fire occurred, damaging the property of Martha Rogers, which fire was the direct result of the inexperience of the said F. D. Fuller, due to his inadequate training by plaintiff." It is apparent that the commodity handled and installed by Fuller was a dangerous liquid which was manufactured and furnished by the plaintiff for the use of the public. Mrs. Rogers, after suit, recovered a verdict against the plaintiff in that action for $19,514.48, but a new trial was granted. Plaintiff and defendant then entered into a settlement with Martha Rogers whereby her damages were fixed at $10,000 of which amount the sum of $8,500 was agreed upon by plaintiff and defendant as being the portion of said settlement paid to said Martha Rogers because of

the alleged liability of The Protane Corporation. Plaintiff and defendant each contributed one-half to the settlement and it was agreed, inter alia, that if the casualty is covered by the policy plaintiff is entitled to recover $4,-250 from the defendant. The court below entered judgment for the plaintiff for that amount with interest and defendant has appealed.

In the policy the defendant insurance company agreed: "I. To indemnify the Assured [plaintiff] against loss by reason of the liability imposed upon him by law for damages because of . . . (B) Accidental injury to or destruction of property other than that owned . . . by . . . the Assured. . . . The foregoing indemnity, subject to the exclusions hereinafter expressed, shall apply only (1) in so far as such casualty shall result from the business operations of the Assured disclosed in the Declarations, which operations for the purpose of this insurance shall include operations incident or appurtenant thereto . . . (3) in so far as such casualty occurs elsewhere [than on the premises of the insured] if caused by the disclosed business operations conducted on the Insured Premises described in said Declarations. . . . IV. This agreement shall exclude any obligation of the Company for such casualty if caused by . . . 3. (b) the installation, removal, maintenance, or mechanical demonstration of goods or products elsewhere than upon the Insured Premises unless such operations are properly disclosed in Division 2 of Item 3 in the Declarations."

The main contention of the insurance company is that the casualty occurring here is within the exclusion set out in IV. 3. (b), supra, of the policy. It asserts in that regard that "the casualty out of which insured's liability arose in this case arose during and was caused by Fuller's carelessness at installation." This contention ignores both the agreed facts and the applicable law. It was stipulated that the accident was caused not by any negligent act of Fuller in his maintenance duties but by the inexperience of Fuller due to inadequate instruc-

tions given him by plaintiff at its main office. We must assume under the stipulations that Fuller used due care under the circumstances, one of the circumstances being the inadequate information and instruction given him by plaintiff. If plaintiff undertook to train Fuller for installation and maintenance of the potentially dangerous equipment and materials which it manufactured but failed to give adequate instruction so that Fuller was not only incompletely informed but possibly also lulled into a sense of false security by the fact that he presumed he had received careful training, then it cannot be doubted that plaintiff has breached a duty it owed to the consumer: Restatement—Torts, Section 397; *Waters-Pierce Oil Co. v. Deselms,* 212 U. S. 159, 29 S. Ct. 270, 276; and that its negligence was the proximate cause of the injury: *Welser v. United Gas Imp. Co.,* 304 Pa. 227, 155 A. 561. The casualty was caused, in a legal sense, by plaintiff's own negligence on its own premises, and the exclusion of IV. 3. (b) is inapplicable.

The appellant also argues that the casualty which gives rise to this claim does not come within the coverage defined in paragraph I. (B) of the policy. It becomes necessary, therefore, to determine whether the casualty was caused by the business operations disclosed in the declarations. The schedule attached to the declarations shows that the operations of the insured included Protane tank filling station and hardware manufacture. The latter, of course, referred to the manufacture of the "systems" sold by plaintiff. It appears that the defendant required only a very general description of the nature of the business and the policy did not purport to itemize any details of the operations carried on. The policy itself stated in I. (B) (1) that the disclosed business operations should be construed as including operations "incident or appurtenant" to those mentioned in the declarations. We had occasion in the case of *Lewis v. Fidelity & Casualty Co.,* 304 Pa. 503, 507, 156 A. 73, to consider similar provisions in a policy of indemnity and there

said : "A contract of indemnity insurance should be construed so as to give effect to the intent of the parties: *Bingell v. Royal Ins. Co., Ltd.,* 240 Pa. 412, 417. It is impossible to itemize all the incidents ordinarily embraced by a given activity. . . . The insurance company must know the customary method of conducting business, and the common, ordinary understanding of the terms employed therein [citing cases]." In the Lewis case, we held that the general operation, "carpentry", embraced the incidental operation of excavating a cellar in order to lower a floor. Here the insured indicated in the declarations that it had no employees engaged in installation, removal maintenance or demonstration. The very business of the company being to furnish Protane, the insurance company must be held to knowledge that this was done by independent dealers and, recognizing the dangerous quality of the product, must be held to the further knowledge that some instructions, written or verbal, would be required because of the character of the product. It would seem to us to overtax one's credulity to assume that this insurance company did not fully realize that the plaintiff would be placing the dangerous article in the hands of others and know that instructions would necessarily be given by the Protane Company if they would avoid injury to others and resultant liability. We deem it clear that the particular activity out of which liability here arose was disclosed in the declarations.

Throughout the defendant's brief is interwoven the argument that nowhere in the policy did the insurance company undertake coverage for the activities of a large group of independent contractors whom it had no way of checking and who, it must be assumed, would ordinarily be carrying insurance for their own protection. It is only necessary to again call attention to the fact that the insurance company is not being held to have insured against the negligence of the independent contractor. No negligence of Fuller has been shown or alleged. The lower

court made a pertinent answer to appellant's contention when it said: "If the independent contractor himself performed some negligent act, for which the plaintiff was in no way responsible, neither the plaintiff nor its indemnitor would be subject to liability. The liability of this plaintiff is based on its own default; its own breach of duty imposed by law upon it; its own failure to use such care as the law demands of it, in view of the dangerous characteristics peculiar to the product involved." It is the liability arising from plaintiff's own negligence against which the court properly held that defendant had agreed to indemnify plaintiff.

The judgment of the court below is affirmed.