GINDER v. HARLEYSVILLE MUT. CASUALTY CO.

No. 2459.

District Court, E. D. Pennsylvania.

Nov. 24, 1942.

Richard A. Smith, Louis Wagner, and Thomas J. Clary, all of Philadelphia, Pa., for plaintiff.

Oliver C. Riethmiller, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion for summary judgment as provided for by Federal Rules of Civil Procedure, rule 56(a), 28 U.S.C.A. following section 723c.

The defendant herein executed and delivered an automobile liability policy to the plaintiff herein, who resided at 1603 Madison Avenue, Scranton, Pennsylvania, effective as of November 12, 1938. The policy, inter alia, contained an exclusions provisions feature, Paragraph (e) thereof reading as follows: "This policy does not apply to bodily injuries or death of any employee of the insured while engaged in the business of the assured, other than the domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under the Workmen's Compensation Law". By subsequent endorsement, the policy was extended to January 12, 1940. On February 6, 1939 the policy was indorsed to cover the Central Railroad of New Jersey and the Reading Railroad Company, by an endorsement reading as follows: "It is hereby understood and agreed that the insurance on the within policy is also extended to cover the Central Railroad of New Jersey and the Reading Railroad Company for any liability they may have on account of the use or operation of the automobile insured hereunder". On November 29, 1939 while Wheeler Earl Howes was riding in the automobile of the plaintiff, Ginder, both on the business of the Central Railroad Company of New Jersey, there was a collision with a third party, resulting in injuries and death to the said Howes. Suit was brought by the administratrix of Howes against Ginder, and the owner and operator of the third car, and a verdict was rendered against Ginder, in the sum of $4,000, which together with interest and taxable costs, total $4,536.66, on which after denial of a new trial, judgment was entered against Ginder as of July 8, 1941. The defendant herein investigated the case and forwarded a nonwaiver agreement to Ginder for his execution, wherein it agreed to defend the suit on Ginder's behalf but expressly stipulated in so doing, that there was no waiver of any of its rights under the policy, and in so conducting a defense, it was assuming no liability thereunder. This the plaintiff, Ginder, refused to execute, and the defendant then wrote a letter to plaintiff, Ginder, noting the fact that he had refused to sign the nonwaiver agreement and advising him that it was filing an answer, and a special appearance in order that all rights might be protected. The company in the letter further advised that it would furnish counsel and manage and conduct the defense of the lawsuit, pay the expenses incident thereto, with the reservation that under the terms of the policy, it was not waiving its claim and position that the policy did not cover and include the liability asserted in the lawsuit. As has been indicated, a verdict was rendered on behalf of the representatives of Howes and a motion for a new trial was made and argued by the defendant's counsel which was denied, whereupon the defendant again disclaimed liability, refused to pay the judgment, and advised that it considered an appeal unavailing and if one were prosecuted it was to be at the plaintiff's own expense. Thereupon the plaintiff consulted counsel, who after examination of the record, advised the plaintiff that there were substantial questions of both fact and law involved, and that an appeal was proper. Thereupon an appeal was taken to the Appellate Division of the Supreme Court of New York by plaintiff's private counsel, Howes v. Ginder, 263 App.Div. 933, 33 N.Y.S.2d 541, wherein the lower court was sustained, with a further judgment of affirmance of $224.39. On the 28th of February, the plaintiff paid the judgment of $4536.66 plus the judgment of affirmance of $224.39 together with interest amounting to $30.45 or a total of $4,791.51. In addition plaintiff was compelled to pay $425 by way of attorney fees on the appeal together with $516.19 covering transcript, appeal bond, printing of the record, etc. This when added to the amount of the judgments together with interest brings the amount for which the plaintiff demands

judgment to $5,807.70 with interest and costs.

The defendant filed an answer in which all of the important averments of the complaint were admitted and the pleading resolves itself into whether or not under the law, the defendant is liable, and hence the plaintiff's motion for summary judgment.

 It is evident that the Central Railroad Company wanted protection against liability for any tort of its employee, Ginder, and hence the endorsement of February 6, 1939 covering the Central Railroad Company of New Jersey for any liability they might have on account of the use or operation of the automobile insured. Howes, the decedent, was an employee of the Central Railroad Company and both he and Ginder were on the business of the railroad at the time of the accident and hence it is the contention of the defendant that since the Central Railroad Company is insured under the policy and Howes the person for whose injury and death suit was brought, was an employee of the insured, the Central Railroad Company, this brings the suit directly within the exclusion of Paragraph E of the policy. This, because it is contended that if the Central Railroad Company had been sued instead of Ginder and a verdict and judgment recovered by Howes against the railroad company, the defendant company here would have had a clear defense under the exclusion clause of the policy since the injured man was an employee of the insured, the Central Railroad Company, and the policy excludes from coverage any injury to or death of any employee of the insured. Further it is contended that if the Central Railroad Company had paid the judgment and had sued Ginder for reimbursement and it had recovered—since it was Ginder's negligence which occasioned the loss—if Ginder had demanded the defendant company pay the loss, it could have rightly advised Ginder that this was a demand to compel the defendant company to pay indirectly a loss of the Central Railroad Company which that company could not have compelled the defendant company to pay directly; that if the plaintiff can recover from the defendant here, it means only that Howes could by choosing Ginder as defendant rather than the Central Railroad Company make the company liable on its policy, whereas if the plaintiff, Ginder, had sued the Central Railroad Company, instead of the defend-

ant, the company would not have been liable on the policy. This tenuous reasoning, assuming, without deciding it, seems to me by no means controlling of the problem here raised. I feel that the plaintiff when he bargained with the insurance company and paid a premium by way of consideration for coverage under the policy, was entitled from that time on to the expiration of the contract, to all of the rights and privileges which the contract gave him at the time of its execution, and that while the policy might also provide coverage for the Central Railroad Company, it was as to the plaintiff a new and separate contract of insurance and could not limit nor restrict the liability it had created under the original contract with the plaintiff. I feel that this is the only fair construction which can be given to the contract of insurance, for it seems to me most unfair for the company to be able to legally enforce the position they have assumed under the contract, unless they had fully informed the plaintiff of the restriction of their liability, by the addition of the Central Railroad Company as an insured, and there is no question that this was not done in this case. I reach this conclusion, giving consideration to the principle that a policy of insurance is to be most strongly construed against the company and in case of doubt its interpretation is to be resolved in favor of the assured, Bingell v. Royal Insurance Co., 240 Pa. 412, 87 A. 955, and therefore giving to the endorsement of February 6, 1939 this construction, I believe it is the intention of the parties that neither the liability of the defendant to the plaintiff was to be diminished by its addition, nor the coverage to the plaintiff restricted.

 Having disposed of the defendant's liability for the judgment rendered against Ginder by Howes, is the defendant nevertheless liable for the expenses and costs of appeal?

It must be remembered that Ginder, upon receipt of notice from the company that they would not take an appeal nor pay the judgment entered against him, was placed in the position of making decision alone as a layman, of whether he should accept the consequences of a judgment being entered against him, and assert what he considered his legal right under the policy by bringing suit against the defendant for the amount of the judgment, or whether he should try to reduce the risk

of his legal stand by taking an appeal in the hope that he would get a new trial and escape liability. In this predicament, having been told by the defendant it would not pay the judgment, and having been told an appeal would not be prosecuted, and after having heard counsel for the defendant try the case and argue his nonliability, was plaintiff entitled to seek impartial counsel and advice? Was this the coverage plaintiff bargained for in his contract of insurance? I feel he was entitled to seek new counsel and this was not the coverage bargained for. I reach this conclusion because seeking other counsel was, it seems to me, the only reasonable course to pursue. When told the defendant company would not pay the judgment and that there was no merit in an appeal, every avenue was closed to him if he heeded this advice and he would have to pay the judgment and bring suit for its recovery against the defendant company. But the plaintiff in his contract with the defendant did not bargain for a lawsuit. He bargained for coverage, including the payment of a judgment if assessed against him, and it was the duty of the defendant, if it chose to guess at the legal responsibility under its contract, to guess right or to take all the consequences which flow from a bad guess, one of which was—on account of the predicament they had placed plaintiff in by their acts and conduct—his necessity to resort to his own counsel, which I hold was justifiable under the particular facts here and he should be compensated. This conclusion does not impugn the judgment of the defendant in advising against an appeal, for in fact their judgment was sustained by the Appellate Court, but rather it does as, it seems to me it should, compensate plaintiff for expenses incurred, by reason of the inconsistency of defendant's position. We must examine plaintiff's position not in the light of the fact that defendant's judgment with respect to an appeal was vindicated, but rather as of the time he was told the defendant would not pay this judgment and there was no merit in an appeal. What faith could one have in defendant's judgment with respect to an appeal when colored with the assertion they would not pay the judgment? The answer it seems to me is, that placed in this predicament by the defendant, the plaintiff should not be penalized for an attempt to escape liability, and thus avoid the necessity of a lawsuit against defendant.

This question of the payment of the costs of appeal flows, it seems to me, from the basic question here resolved against the defendant as to whether the plaintiff was within the exclusion provision of the policy. This was purely a question of law which they should have resolved one way or the other before taking any part in the case, and nothing happened, nor could happen, in the trial of the case which changed or could have changed the question except a verdict for Ginder, the plaintiff in this case. In other words, it was unlike Mason-Henry Press v. Ætna Life Insurance Co., 211 N.Y. 489, 105 N.E. 826, and S. & E. Motor Hire Co. v. New York Indemnity Co., 255 N.Y. 69, 174 N.E. 65, 81 A.L.R. 1318, for in these cases a definite factual element which determined the question of defendant's liability was resolved at the trial. Here the defendant company attempted to eat their cake and have it, hoping that the legal position they took with respect to the exclusion paragraph of the policy was a correct one.

Judgment is accordingly entered for the plaintiff for the full amount of the claim.