## HALL *v.* RUPLEY.

Where there is a special contract by the plaintiff to do certain work, for which defendant is to furnish the materials and pay the agreed price, it is not necessary, in an action to recover the value of a partial performance, to prove that defendant had notice that materials were not furnished to complete the work.

A withdrawn declaration, and a bill of particulars delivered under it, ought not to be taken out by the jury; but the judgment will not be reversed if the declaration is in substance the same as the one on which the cause was tried; and the bill is but a statement of a claim, of which evidence was given on the trial.

IN error from the Common Pleas of Philadelphia.

*April* 3. Assumpsit on a special contract, that plaintiff would build a barn for defendant for $200, and that defendant would furnish the materials; averring that, when it was nearly completed, defendant neglected and refused to furnish the materials, and that there was then due plaintiff, &c. The common counts were added.

On the trial, before CAMPBELL, J., the plaintiff proved his case; but did not give any evidence showing that defendant had notice that materials were wanting to complete the building.

The jury were instructed, that, if defendant made default in furnishing materials, the plaintiff could recover although it was an entire contract. If the omitted portions of the work were unimportant, then plaintiff might recover, as was held in 2 W. & S. 55, which was read to the jury.

The other exceptions were, for allowing the jury to take out with them a *narr.* which had been withdrawn, but which was, in substance, the same as the one on which the cause was tried; and, also, a bill of particulars annexed thereto, of the items in which there was some evidence.

*C. Fallon*, for plaintiff in error.—Where the contract is entire, the plaintiff's readiness to perform, or a prevention by defendant, must be shown to entitle him to recover for so much as has been done: 2 Pa. 454; Ib. 63, 71; 1 Pet. C. 15; 1 Pet. 455. The plaintiff relies on the defendant's default; but, to put him in default, there must be notice to him to perform his agreement. Here there was none, and the defendant was not bound to furnish materials until they were demanded.

On the other points, he cited 15 S. & R. 26; 16 Ib. 97; 5 Bin. 238.

*H. Hubbell*, contrà.—The defendant was bound at his peril to

furnish the materials. This was a case of complete performance, with very slight exceptions, and within the rule established by this court. He cited 4 W. 98, 477; 2 Ib. 122; 1 Penna. 364.

*April* 7. ROGERS, J.—We are unable to discover any error in the instruction, that if the defendant made default in furnishing materials, the plaintiff may recover the balance due on the contract. The case, as found by the jury, was this:—Rupley agreed to build a barn for the stipulated price of $200, Hall providing the materials necessary for the performance of the work. Hall neglected to supply the materials, in consequence of which the work was not completed. The defendant contends, that inasmuch as it was an entire contract, the plaintiff is not entitled to recover; and for this position, he relies on Shaw *v.* The Turnpike, 2 Pa. 454; Roberts *v.* Beatty, Ib. 71; Blight *v.* Ashley, 1 Pet. C. 15, and The Bank *v.* Hagner, 1 Pet. 455. The last three authorities have little to do with the case. The question does not depend on an independent or dependent covenant, as where one covenant is the consideration of another covenant; but upon the point whether it was the duty of the owner to supply the materials as they were wanted, without any request on the part of the contractor. We think that no request was necessary. The materials ought to have been provided to the hands of the builder. The presumption is that Hall knew, or he ought to have known, if he had taken the trouble to inquire, what would be required in the erection of the building. We have nothing before us but the simple fact that the materials were not supplied; from which the jury have inferred, in the absence of all proof to the contrary, that this was the cause of the failure to finish the building. Shaw *v.* The Turnpike Company rules this case. When a contract is entire, before any recovery can be had of the consideration-money, the plaintiff must prove that he has performed, or is ready to perform, his part of the contract, or *that the performance was prevented by defendant.* Here, the non-fulfilment of the contract has arisen from defendant's omission. He is in default; it would, therefore, be unjust that the plaintiff should be deprived of payment, on a *quantum meruit*, for the work actually done to the building. It is a salutary principle, that where the contract is entire, the plaintiff cannot recover unless he proves performance, or readiness to perform his contract; but we must beware of pushing this principle so far as to deprive a workman of compensation, when the non-completion of the work has arisen from the default of the

employer. The rule is by no means without exception, as the case cited shows, and as is further manifest in Preston *v.* Finney, 2 W. & S. 53. For an action upon a written contract, as is there held, to recover the price of certain labour or services performed, will not be defeated by proof that the plaintiff failed, in some slight particulars, in the performance of it, when he appears to have acted *bonâ fide* with the intention of fulfilling his whole contract, and the other contracting party has received the fruits of his labour. This is a rational qualification of the rule, and is necessary to prevent great wrong; for, in many instances, nothing would be easier than to suggest and prove some slight omission of the contractor, and thus avoid all payment whatever. Taking the charge as a whole, there is nothing of which the defendant can reasonably complain.

As to the second point: it was error to send out with the jury a declaration which had been withdrawn, another having been substituted. But we do not perceive that the defendant has been injured by this step, for the declarations are substantially the same. But, as to the statement which accompanied the declaration, we have more difficulty; but we do not feel ourselves compelled to reverse on that ground, for it would seem to have been submitted to the jury as a mere statement of the items of work done, of which there was some proof. Had there been no proof of any one item, it would be a fatal exception; as is ruled in Morrison *v.* Moreland, 15 S. & R. 61. It is with extreme reluctance we yield to objections not touching the merits, but of a purely technical character.

Judgment affirmed.