## Welch *v.* Dakin, Appellant.

*Brokers—Real estate brokers—Tender of performance—Commissions.*

In an action by a real estate broker to recover commissions for placing a mortgage, it is sufficient for the plaintiff to show a request by the defendant for the performance of the service, and a tender of performance by himself.  It is no part of the plaintiff's case to prove complete performance, if he shows that he procured a person who was able and willing to lend.

Argued Oct. 3, 1917.  Appeal, No. 82, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., July T., 1916, No. 24, for plaintiff on case tried by the court without a jury in suit of Ben T. Welch v. Dakin and Kilpatrick.  Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for commissions for placing a mortgage. Before WHEELER, J.

The opinion of the Superior Court states the case.

*Error assigned* was the admission of testimony and the refusal of judgment n o. v.

*Nathan Griffith,* for appellant.

*Joseph Carson,* for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:

This was an action to recover for broker's services.

The findings of the court present the following facts: Welch, a licensed broker, was requested on or about November 10, 1915, through his mortgage clerk, Callen, by Dakin, the president of the defendant company, to place a mortgage of $12,000 on premises, 16 S. 52d street. November 17th, defendant was notified by plaintiff that the loan had been placed with the trustees of the estate of Dr. David Jayne. Defendant, on or about November 19, 1915, placed the loan with another party.

At the trial Callen testified that Dakin requested him to place the loan; that he undertook, on the part of Welch, to do so; and that he took up the matter with the Jayne estate. Welch testified that the mortgage was submitted, through one Murphy, to the trustees and was accepted by them; that he telephoned the fact to defendant and was told by Dakin that the loan had not been placed; and that he thereupon accepted the offer to borrow. Murphy testified, under objection, that he received a memorandum from Callen; presented it to the trustees, who accepted the loan after inspecting the property, and then notified Welch.

Defendant offered no evidence and moved for judgment n. o. v., which was refused and judgment entered for plaintiff. From that judgment this appeal has been taken. The appellant contends that the court below erred in admitting testimony, and that the facts do not present a case of liability.

Defendant requested plaintiff to place the loan, and plaintiff made a tender of performance. Presumably defendant would not have requested plaintiff to place it if there was any doubt of the financial ability of his client. If it wished to show that plaintiff had not performed, it was privileged to do so. It was no part of plaintiff's case to prove complete performance. If full performance of

a contract be prevented by the act of the defendant, the plaintiff is entitled to the reasonable value, in this case shown to be $120, for the services rendered up to the time of the breach: Hall v. Rupley, 10 Pa. 231; Harlow v. The Borough of Beaver Falls, 188 Pa. 263. It was unnecessary for Welch to show an executed loan negotiated through his agency. It was sufficient that he showed a request by defendant and a tender of performance by himself. Of this there was competent evidence, and the error, if any, in the admission of other testimony was harmless.

The judgment is affirmed.