# Lattavo *v.* Virginia Fire & Marine Insurance Company et al., Appellants.

*Insurance—Fire insurance—Proof of loss—Evidence—Admissibility.*

In an action of assumpsit on a policy of insurance, the proofs of loss may not be read to a jury over the objection of the defendants. Such proofs of loss are not substantive evidence for the plaintiff and cannot be read to the jury.

A witness cannot testify as to values of the property destroyed, who admits that he had no personal knowledge of the market value of the supplies on the list furnished by the plaintiff, but that he acquired his knowledge of values from a market list and schedules of prices which was not offered in evidence.

In an action on a policy of insurance, it is error to permit plaintiff's statement, containing items of which there is no evidence, to go to a jury. While the plaintiff's statement might prove helpful to the jury, in considering their verdict, it must be a statement of losses proved, for the purposes of calculation, and contain no item of which there is no competent evidence.

Argued April 20, 1926. Appeals Nos. 157, 158 and 159, by defendants, from judgment of C. P. Lawrence County, December T., 1922, Nos. 13, 14 and 15, in the cases of Elenterio Lattavo v. Virginia Fire & Marine Insurance Company, Wheeling Fire Insurance Company and Ohio Farmers' Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on policies of insurance. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and against the defendant Virginia Fire & Marine Insurance Company in the sum of $664.45; against the defendant Wheeling Fire Insurance Company in the sum of $664.45, and against the defendant Ohio Farmers' Insurance Company in the sum of $272.61, and judgment thereon. Defendants appealed.

434  ·LATTAVO *v.* VA. FIRE INS. CO. et al.

Assignment of Errors—Opinion of the Court. [88 Pa. Superior Ct.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal to direct judgment in favor of defendants.

*J. Norman Martin,* of *Martin & Martin,* for appellants.—It was error to permit the proofs of loss to be read to the jury: Cole Bros. v. Manchester Fire Insurance Company, 188 Pa. 345; Rees v. Livingston, 41 Pa. 113; McInroy v. Dyer, 47 Pa. 118.

The acts and declarations of an agent in the course of a business entrusted to him are evidence against his principal but not for him: Jessop v. Loucks, 55 Pa. 350; Meade v. McDowell, 4 Binn. 195; Richards v. Murphy, 1 Wharton 185; Caley v. P. & C. C. R. R. Co., 80 Pa. 363.

It was error to allow the proofs of loss to be submitted to the jury: Knowlan v. Clopp, 29 Pa. Superior Ct. 424; Kline v. Gundrum, 11 Pa. 242; Terry v. Drabenstatt, 68 Pa. 400; Frazier v. Funk, 15 S. & R. 26.

*Clyde Gibson,* of *Gibson & White,* and with him *Samuel L. Clark,* for appellee, cited: Person & Rigel Co. v. Lipps, 219 Pa. 99; Pittsburgh v. Railways Company, 234 Pa. 223; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Youst v. Insurance Company, 179 Pa. 381; Needy v. Insurance Company, 197 Pa. 460; Post v. American Railway Co., 51 Pa. Superior Ct. 352; Rubenstein v. Dixie Fire Co., 51 Pa. Superior Ct. 447.

OPINION BY KELLER, J., July 8, 1926:

These three cases were tried together in the court below and argued together on one brief in this court. They raise precisely the same questions and may be disposed of in one opinion.

The actions were in assumpsit on insurance policies to recover the damage done by fire to the machinery

and equipment, supplies and product of plaintiff's plant for manufacturing and bottling soft drinks.

We are obliged to reverse the judgments and order new venires because of a number of errors on the trial. To save time and shorten the opinion, we will, instead of discussing the assignments of error seriatim, group them by subjects and so consider them.

(1) The proofs of loss should not have been read to the jury over the objection of the defendants. They were offered for the purpose of showing that the requirements of the policies in that respect had been complied with, and were properly admitted for that purpose only. Whether they substantially complied with the requirements of the policies was a question for the court, on an inspection of the writings: Cummins v. German American Ins. Co., 192 Pa. 359, 365; Kittanning Ins. Co. v. O'Neill, 110 Pa. 548, 552. The court having inspected them and decided that they did, their function, so far as the plaintiff was concerned, was ended. They should not have been read to the jury: Rosenberg v. Fireman's Fund Ins. Co., 209 Pa. 336, 337; Baldi v. Metropolitan Life Ins. Co., 30 Pa. Superior Ct. 213, 221; Kittanning Ins. Co. v. O'Neill, supra, p. 553. The error was especially harmful to the defendants because the statement of loss attached to the proofs placed a definite valuation on some of the destroyed property, as to which there was, as we shall hereafter see, either no competent evidence of the quantity on hand at the time of the fire, or no competent testimony as to its value. Nor was the error cured by the court's affirming the plaintiff's sixth point which requested instructions to the jury that the proof of loss was solely for the consideration of the court and not to be considered as evidence of the plaintiff's claim or the amount thereof, and was to be entirely excluded from their consideration in making up their verdict. It is true that in Cole v. Manchester Fire Assurance Co., 188 Pa. 345—where proofs of loss were

erroneously read to the jury—the Supreme Court said (p. 357), that the jury should have been told by the trial judge in plainest terms that the proofs of loss should be entirely excluded from their consideration in making up their verdict; but this was only by way of rectifying as far as possible what they had just ruled to be an error on the trial. It was not intended thereby to sanction or establish as a practice the reading by plaintiff's attorney to the jury of what he knows is not for their consideration and then asking for instructions that it be disregarded by them. At the end of the opinion in the Cole Case (p. 358), the Supreme Court said: "On a retrial the preliminary proofs should form no part of plaintiffs' evidence establishing their loss, and they should be strictly held to independent proof thereof by evidence satisfying the jury as to the extent of it." And in the later case of Rosenberg v. Fireman's Fund Ins. Co., supra, p. 337, the court said, citing the Cole Case and the Cummins Case, supra, as authority: "It has been uniformly held that they [proofs of loss] are not evidence for the plaintiff and cannot be read to the jury."

(2) Goldberg, plaintiff's witness, did not testify that he had any personal knowledge as to the market value of the supplies on the list furnished him by plaintiff's counsel. He said he looked up the prices—where, he did not say—and after making an allowance for depreciation—how much, he did not disclose—, he attempted to fix their value. If he acquired his knowledge of values from a market list or schedule of prices, it should have been produced or offered, and supplemented, if deemed necessary, by testimony as to the proper allowance for depreciation, if any, by one familiar with such supplies. In the state of this record Goldberg's evidence was incompetent to fix the sound value of the supplies. It was not essential that the witness should have seen these identical supplies, if they were of staple character and had a recognized

market value: Struse v. Phila. R. T. Co., 87 Pa. Superior Ct. 46. It may be noted, for use on the retrial, that as to certain of the supplies on the list furnished Goldberg and used as the basis of determining sound value, there was no competent evidence produced at the trial of the quantity on hand in plaintiff's plant at the time of the fire. The plaintiff testified on the trial that he was unable to state the quantity of certain extracts in his establishment; that he had not known their quantity at the time of the fire and did not know at the time of the trial. The quantities were listed by one Cassiacci—who had nothing to do with the plant—from information he received from the plaintiff and from an examination made of the bottles or containers after the fire. Some of these were empty or broken, but he attempted to fix their contents at the time of the fire from the size of the bottle or container. This was the veriest kind of hearsay evidence: Floyd v. Hotchkiss, 5 Pa. Superior Ct. 216; Holmes v. Chartiers Oil Co., 138 Pa. 546. The plaintiff could not prove quantities on the trial by statements previously made by him to Cassiacci; nor could Cassiacci determine the quantity of extracts, etc., which had been in the containers before the fire, from the size of the empty or broken bottles. The plaintiff or some one familiar with the establishment should have testified as to the quantities of supplies and manufactured product on hand at the time of the fire; and Cassiacci's testimony should have been limited to what he found on the premises when he made his examination, and its condition.

(3) The letter from plaintiff's attorney to General Adjustment Bureau (Exhibit H), contained a number of self-serving declarations which were inadmissible as evidence. The letter from the Bureau in reply (Exhibit I) was self-explanatory; but whether it was or not, the plaintiff himself introduced it in evidence. By

doing so he obtained no right to explain it by incompetent evidence.

(4)   As the policies of insurance are not identical and do not cover the insured property in precisely the same proportions, this is a case in which a statement of the plaintiff's claim might prove helpful to the jury in considering their verdict: Frazier v. Funk, 15 S. & R. 26, 27; Pittsburgh v. Rys. Co., 234 Pa. 223, 235. But it must be a statement of losses proved, for purposes of calculation, and contain no item as to which there is no competent evidence: Frazier v. Funk, supra; otherwise it should be rejected: Morrison v. Moreland, 15 S. & R. 61, 64; Pittsburgh v. Rys. Co., supra, p. 235; Hall v. Rupley, 10 Pa. 231, 233. It is error to permit a statement to go to the jury containing items of which there is no evidence: Terry's Exr. v. Drabenstadt, 68 Pa. 400. The statement which was sent out with the jury in this case was objectionable in several respects. For example, there was no evidence as to the sound value of the machinery at the time of the fire; its cost over a year before did not establish that. And there was no competent evidence as to the quantities of certain supplies in the plant the night of the fire. For example, the plaintiff testified that he did not know what quantity of grape juice extract (112-a) or orangeade extract (139-a) he had at the time of the fire and no one else gave evidence of it; and yet the statement sent out to the jury fixed the quantity at two gallons of grape juice, $35, and one gallon orangeade, $9.50, besides nineteen gallons of assorted extracts including grape. With the exception of the machinery, it was but a copy of the schedule of damage attached to the proofs of loss, and not a mere tabulation of items of loss sworn to by the witnesses. On the retrial the plaintiff's calculation or statement of loss should contain no item not supported by competent evidence.

We are not convinced that the court below erred as

to the other matters complained of by appellant. It is not necessary to refer to them in detail. Some of them bore on the extent of the damage and the reasons impelling plaintiff to move his plant to another location; others were concerned with the failure to have an appraisal of the damage. The plaintiff was a tenant occupying leased premises. He was not bound to wait indefinitely for a valuation or appraisement by the insurance companies. They had ample time and opportunity to examine the premises and value the salvage before the broken glass and other debris were carted to the dump and the machinery was removed to a new plant. The jury could well find from the evidence that the failure to secure a completed appraisal was due to the neglect and delay of the defendants as much as to the fault of the plaintiff. The case was unusual, in that the loss was total as respects all syrups, extracts and similar supplies, the containers of which were broken or emptied, or the contents exposed to fire and smoke. Broken bottles, burned cases, syrups and extracts damaged by fire or impregnated by smoke were of no value after the fire and were properly thrown out as rubbish after a reasonable opportunity to the defendants to determine and appraise the property only partially damaged.

The first, second, fourth, eleventh and fourteenth assignments of error are sustained to the extent above indicated. The judgment in each case is reversed and a new trial awarded.