## Masood v. The United States Fire Ins. Co. of New York.

Robert J. Puderbaugh, for plaintiff.
Robert A. Henderson and J. M. Stoner & Sons, for defendant.

PATTERSON, P. J., June 7, 1930.—Plaintiff brought an action in *assumpsit* to recover from the defendant insurance company a loss sustained as a result of fire which destroyed valuable rugs and office furniture. The verdict of the jury was in favor of the plaintiff. The defendant insurance company filed this motion for a new trial, in which it is alleged that the plaintiff, Dr. Masood, was incompetent to testify to the value of the property destroyed, and, secondly, that it was error to have admitted in evidence the proofs of loss, over the objection of the defendant.

Without passing upon the first reason assigned, we are satisfied that the second reason is sufficient for the granting of a new trial. It was error to permit plaintiff to offer in evidence generally the proofs of loss which, as far as we know, were sent out and considered by the jury. An examination of the record fails to show that this evidence was restricted or limited for any purpose whatsoever. This should have been done.

The Supreme Court, in Insurance Co. v. O'Neill, 110 Pa. 548, has held: "They are not even *prima facie* evidence to the jury of the quantity and quality of the goods lost. The insured cannot thus prove the particulars or extent of his loss by his own *ex parte* statement even under oath."

This ruling has been followed in Lattavo v. Virginia Fire Ins. Co., 88 Pa. Superior Ct. 433; Cole Bros. v. Assurance Co., 188 Pa. 345, and Sutton v. Insurance Co., 188 Pa. 380.

### Order.

Now, June 7, 1930, it is ordered, adjudged and decreed that the motion for a new trial is hereby sustained and new trial granted as prayed for.

From Robert W. Smith, Hollidaysburg, Pa.